**PAYNE, Agent, v. BAKER.　(No. 2530.)**

(Court of Civil Appeals of Texas. Texarkana.
May 26, 1922. Rehearing Denied
June 15, 1922.)

**1. Master and servant ☞286(13)—Negligence in failing to provide hand brake held for jury.**

In an action for injuries to a brakeman who was knocked from a car on an interstate train when the hand brake suddenly became released, evidence on the issue of negligence in failing to provide an efficient hand brake as required by the regulations of the Interstate Commerce Commission *held* to present a question for the jury as to whether the automatic release of the brake was due to its defective condition.

**2. Trial ☞191(1)—Instructions do not assume facts unless as a whole they impress jury with judge's belief.**

An assignment that instructions were on the weight of the evidence in assuming certain facts is without merit unless it reasonably appears that the charge, considered as a whole, was calculated to impress the jury that in the judgment of the court the evidence had shown the existence of those facts.

**3. Trial ☞191(10)—Omission of words "if any" in clause of charge held not to assume brake causing injury was defective.**

Where the charge expressly required the jury to find that the brake was defective, a subsequent reference in the charge to the defective brake not followed by the words "if any" does not make the charge objectionable as assuming the brake was defective, since no jury of ordinary intelligence, after reading the entire charge, would conclude that the trial judge had prejudged the issue of the defect in the brake.

**4. Master and servant ☞293(6)—Charge submitting whether brake was defective instead of inefficient held not erroneous.**

Where the plaintiff relied upon a violation of the regulations of the Interstate Commerce Commission requiring cars to be equipped with an efficient hand brake, and the evidence had no tendency to show any defect in the brake, except one which would render it inefficient, a reference in the charge to a defective brake instead of an inefficient brake did not render the charge erroneous.

**5. Master and servant ☞291(13)—Requested charge as to improper setting of brake held not supported by evidence.**

In an action for injuries to a railroad brakeman, where the evidence showed that the brake could only become released by the worn condition of the ratchet, a requested charge that, if the injuries resulted from the improper setting of the brake, there could be no recovery, was properly refused as not supported by the evidence.

**6. New trial ☞56—Statement as to cause of injury while determining the amount of damages does not require new trial.**

A statement made by the foreman of the jury as to the construction and method of op-erating a hand brake does not require the granting of a new trial, where it was made after the jury had voted to award a verdict to plaintiff and were deliberating only on the amount of the damages, since the discussion of the cause of the accident could not affect the extent of the damages.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by W. A. Baker against John Barton Payne, as Agent, to recover damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

Thompson, Barwise, Wharton & Hiner and F. B. Walker, all of Fort Worth, for appellant.

Jones, Sexton, Casey & Jones, of Marshall, for appellee.

HODGES, J. In June, 1920, the appellee, Baker, filed this suit to recover damages for personal injuries. He alleges that at the time of the injury he was employed as a switchman in the yards of the Fort Worth & Denver City Railway Company at Fort Worth, Tex. The following is, in substance, his statement of how the injury occurred:

On the 11th of February, 1920, at night, while engaged in the discharge of his duties, plaintiff went upon a string of cars for the purpose of releasing the brakes. After having released the brakes on several others, he went on this particular car and placed his brake stick or club in the brake wheel with the intention of releasing the brake; but before he made any effort to accomplish that purpose the brake, by reason of some defect in it, was suddenly released, causing the wheel and brake stick to revolve, striking the plaintiff and causing him to fall from the car. In the fall he sustained the injuries for which he sues.

While several acts of negligence are alleged, only one was submitted by the court as a ground of recovery—the failure to provide an efficient hand brake as required by the regulations of the Interstate Commerce Commission. The defendant denied the defective condition of the brake and the other charges of negligence, and pleaded contributory negligence on the part of the plaintiff. It was conceded that the train of cars on which the plaintiff was releasing the brakes was engaged in interstate commerce at the time the accident occurred.

In response to a general charge the jury returned a verdict in favor of the plaintiff for $20,000. In overruling the motion for a new trial the court required him to remit $5,000 of that award, and judgment was entered against appellant for $15,000.

The appellant contends that a verdict in his favor should have been directed because the evidence relied on was insufficient to sup-

port a finding for the plaintiff. Liability in this controversy is predicated upon the alleged failure of the railway company to comply with the following regulation of the Interstate Commerce Commission:

"Each box or other house car shall be equipped with an efficient hand brake which shall operate in harmony with the power brake thereof. The hand brake may be of efficient design, but must provide the same degree of safety as the design shown in Plate A."

That and other regulations were adopted under the authority of an act of Congress. The diagram referred to as Plate A shows a ratchet wheel encircling the brake rod, on which are notches or cogs cut at an oblique angle in which a movable pawl—or dog, as it is sometimes called—fits and holds the brake after it is wound or "set." There is in the evidence no conflict regarding the mechanical construction of an efficient hand brake. Baker testified as follows regarding the circumstances under which he was injured:

"The car had been standing from the time I first got on it until I went down to brake it. About the time I got to the brake the slack run out of the car, either caused by the engine being backed into the cars, or the slack rolled out of one car, and hit this car and caused the brake to fly loose. When I say that the slack run out of the cars, I mean that some of the cars in the train moved. They moved northward; and the effect of that was that it shoved the car that I was standing on back north. That caused the brake to slide on the wheel and the brake to cut loose. I had not done nothing with reference to moving the brake when the brake came loose. I laid the club in the wheel and started to step over close to it so that I could pull on the wheel and release it."

Regarding the construction of the brake he said:

"The mechanism that locks the brake and holds it locked or set is the ratchet that fits on top of the car on the side I got hurt. Some are platform cars; but on this one the ratchet was on top of the car—on top of the roof of the car. A dog sets right close to it which slips into the ratchet—into the cogs. You pull that in and shove the dog in, and it catches. The ratchet is a wheel with cogs around the outside, and it is about four or five inches across it. This ratchet is set down over the staff, and a pin is driven down outside of it and between it and the staff to hold it solid. * * * The cogs are on the outer rim of the ratchet wheel, and they set in hook fashion. * * * The dog is a piece of metal with one end of it sharp and hooked to fasten into these cogs. In the method of setting the brake when it is properly set we use the brake wheel and the club; pull up and tighten the brake with the brake club; take your foot and push the dog in there. You tighten the brake as tight as you can generally always to hold them on hill jobs, and you push the dog in the notches to hold it; push the dog into the notches on the rachet wheel to hold it there. As to the effect of time and use on the dog and the ratchet wheel, where the notches have wore and they are blunt the dog will slip out if it is used too long. * * * If the ratchet and brake mechanism are in good condition and the dog properly set in you cannot let the brake off any other way than by releasing it; that is the only way to let it off. You cannot take hold of a brake wheel and jerk it off, because the notches, if they are in good shape, are too deep and set in so it won't come loose. There is a strain on it when it is set; the strain of the brake is on it. When I went up to this brake wheel and put my club on it, I did not take hold of the wheel with my hand and did not put my weight on the club. * * * As to what occurred that kept me from releasing it in the proper way, I will say the brake released itself, slipped out, and knocked me off the car. I did not see what caused it to release. I don't know just what gave way, but I know it released. I had not touched the dog with my foot, and had not done anything that would cause the brake to release. When it released, it threw me off the car; the brake club knocked me off, and landed on the ground on my feet."

As proof that the brake was defective or in an inefficient condition, and that because of that defect the injury was inflicted, the appellee relies mainly upon the circumstances detailed in the evidence. The inference he draws is that, if the brake had been in good condition, or if it had been an efficient brake as is required by the regulations of the Interstate Commerce Commission, it would not have released as the result of the slight motion of the car referred to.

As opposing this circumstantial evidence the appellant offered testimony showing that after the appellee was injured the brake was examined by other employees and found to be in good condition. For the purpose of weakening the force of that rebutting evidence the appellee proved that a defective ratchet wheel or a defective pawl could be removed and replaced with another in good condition within a very few minutes and without moving the car to any other place. He also calls attention to the fact that it was the duty of those employees who testified to the good condition of the brake on that occasion to previously inspect such appliances and report defects, if any were found.

[1] It can hardly be denied that under the evidence the jury could have inferred that the brake was defective because of its premature release under the particular conditions existing at that time as described in the testimony of the appellee. If he told the truth—and the jury had a right to believe that he did—the circumstances detailed by him strongly indicated a defective appliance. The testimony offered by the appellant to the contrary, while direct and cogent, was not conclusive upon that issue. The jury had a right to pass upon the credibility of those witnesses. They were the agents and employees of the defendant, against whom the

judgment was sought, and were not without some interest in the result of the trial.

Counsel for the appellant insist that Baker's own testimony showed a situation which could not justify the inference that the premature release of the brake was due to a defective condition. They call attention to his statement that, "if the brake was properly set" and in good condition, it would not have released of itself from the mere movement of the car. They argue that the automatic release points with as much force to an improper setting of the brake as to any defect in its condition; and, since a defective brake is the only ground relied on for a judgment, the appellee has failed to discharge the burden assumed in bringing his suit. We may concede the correctness of the appellant's proposition that, if both of those inferences are of equal force—that is, if the inference that the brake was improperly set is just as reasonable as that the brake was defective— then the appellee has failed to make out his case. 8 Ency. of Ev. p. 874, note 53. There was no direct evidence tending to show that the brake had been improperly set. The proof shows that the train of cars was standing upon an incline, and that they had been in that position for several hours, with the brakes set. In addition to this it is shown by the accompanying diagrams and description of the mechanical construction of the brake and the appliance for holding it that there was but one method of setting a brake, and that, if set with a high tension, the pawl would fit firmly into the notches in the wheel. Under the record in this case it seems more reasonable to infer that the automatic release of the brake was due to its inefficient or defective condition than to any improper setting. The evidence upon that issue presented a question for the jury, and the court did not err in refusing to give the peremptory instructions requested by the appellant. M. & St. L. Ry. Co. v. Gotschall, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. Ed. 995, and cases cited.

In charging the jury the court gave the following instruction:

"The proof shows that the plaintiff either fell, jumped, or was thrown from the car and received some injury to his foot while he was in the employ of those operating the Fort Worth & Denver City Railway on or about the 11th day of February, 1920, but this alone is not sufficient to authorize a recovery herein by the plaintiff, for, in order for the plaintiff to recover under the law, his injury must have been caused by the failure of those operating the road to have the car from which he fell or was thrown equipped with a good and efficient hand brake.

"If you find and believe from the preponderance of the evidence that the car from which the plaintiff fell or was thrown was not equipped with an efficient hand brake, that is to say, if you find that said brake was defective, and that by reason of the defective condition of said brake the plaintiff was thrown or caused to fall from the car, and to receive all or any of the injuries as set forth in his petition, then the plaintiff would be entitled to recover such damages as he has sustained by reason thereof; but if you should fail to find that the brake was defective, or that the defective condition of the brake, if you find that same was defective, proximately caused the plaintiff to fall or be thrown from the car, then you will find and return a verdict herein in favor of the defendant.

"You are further instructed that, if the plaintiff became unbalanced or slipped and fell from the car, and the defective condition of the brake on said car, if you should find that said brake at said time was defective, did not cause him to become unbalanced or to slip and fall from said car, then you are instructed that you will find and return a verdict herein in favor of the defendant.

"In this connection, however, you are instructed that, if you find for the plaintiff under the instructions hereinbefore given you, and award him damages, you can only award him damages for such injuries as are set forth in his petition, which were occasioned by his falling or being thrown from defendant's car upon the occasion in question by reason of the defective brake on defendant's car.

"The burden is upon the plaintiff to establish by a preponderance of the evidence that at the time plaintiff received his injuries as set forth in his petition the brake on defendant's car was defective, and that by reason of such defective brake he was caused to fall or be thrown from said car, that the defective condition of the brake on defendant's car proximately caused plaintiff's injuries, and the amount of damages, if any, which he is entitled to recover herein."

The following special charge was given at the request of the appellant:

"You are instructed that, if you should believe and find from the evidence in this case that the plaintiff sustained his injuries as a sole, direct, and proximate result of the condition of the brake in question, yet you are further instructed that, if you believe and find from the evidence that said car was equipped with an efficient brake under the surrounding circumstances, as shown by the evidence, then you are instructed that your verdict herein will be for the defendant, even though you may believe and find from the evidence that the plaintiff sustained the injuries or any of the injuries claimed in his pleadings on which this case is being tried."

[2] The complaint is that these instructions were on the weight of the evidence in assuming that the brake was defective. The assignment is without merit, unless it reasonably appears that the charge, when considered as a whole, was calculated to impress the jury with the belief that in the judgment of the court the evidence had shown the existence of a defective brake. A meaning that may be gathered from considering particular phrases and isolated paragraphs of a charge is often changed when these are considered in connection with other portions of the document.

[3] It must also be assumed, in considering objections of this character, that jurors are men of average intelligence at least, and that they will draw the reasonable, and not an unreasonable, inference from the instructions given them. This charge, when taken as a whole, left the jury free to pass upon the issue of defect. It is true the court might have inserted the words "if any" immediately after every use of the word "defective," and thus have guarded against any possible inference that he had an opinion on the subject. But no such extreme caution was required to prevent such an inference in this instance. No jury of ordinary intelligence, after reading this entire instrument, would conclude that the trial judge had prejudged the issue of defect in the brake. The assignments raising that question are overruled.

[4] A further objection is made to paragraph 5 of the charge because of the use of the word "defective" instead of the word "inefficient." It is contended that the regulations only require that the cars shall be equipped with an "efficient" hand brake. The criticism is based upon a distinction between the meaning of the words "defective" and "inefficient"; the contention being that a brake may be defective, and not inefficient. The objection is untenable, if for no other reason, because the evidence relied on tended to show only such a defect as would render the brake inefficient. The jury could not have been misled even if the term "defective" was not practically synonymous with the word "inefficient."

[5] Appellant requested the court to give the following special charge:

"You are instructed that, if you believe and find from the evidence in this case that the plaintiff received his injuries as a sole, direct, and proximate result of the manner and way in which the brake was set at the time in question, then you are instructed that your verdict herein will be for the defendant, even though you may believe and find from the evidence that the plaintiff sustained the injuries or any of the injuries claimed."

The argument supporting that charge is based upon the same proposition previously discussed, that the circumstances tended to show that the brake might have been released because of an improper setting. There is nothing to justify a finding that the brake had been improperly set. As previously stated, the mechanical construction of the brake was such that, had it been wound sufficiently tight to cause the wheel, when released, to revolve with enough force to knock a man from the top of the car, the pawl would have been forced into the notches as securely as was practicable. If the pawl failed to hold, the failure was far more likely to be due to a worn condition rendering the brake an inefficient appliance than to any particular manner of the setting.

[6] The appellant also complains of the misconduct of the jury, which, it is alleged, consisted of receiving and considering statements regarding the construction and method of operating hand brakes improperly made by the foreman of the jury during their deliberations. The court heard testimony upon that question which tended to show that those statements were made after the jury had decided to return a verdict in favor of the plaintiff for some amount. Even had those statements been different from the testimony adduced upon the trial, they could not have affected any issue which the jury had not already decided. They had previously, by a unanimous vote, decided in favor of the plaintiff upon the issue of liability. After the remarks of the foreman only the question of the amount of damages was to be settled. A further discussion of the causes of the injury could hardly affect the extent of his damages. The court properly overruled the motion for a new trial.

Other assignments of error not discussed have been considered and overruled, and the judgment will be affirmed.