PAYNE, Agent, v. BAKER.   (No. 483–3878.)

(Commission of Appeals of Texas, Section A. Feb. 13, 1924.)

1. Master and servant ⚖══286(13)—Negligence in failing to provide hand brake held for jury.

In an action for injuries to a brakeman engaged in interstate commerce, injured when knocked from top of a freight car by the unexpected release of a hand brake, evidence *held* to raise a question for the jury as to whether the release of the brake was caused by reason of its inefficiency, in violation of federal Safety Appliance Act (U. S. Comp. St. § 8605, et seq.).

2. Master and servant ⚖══128—If injury from release of brake was caused by improper setting, defendant not liable.

In an action for injuries to a brakeman engaged in interstate commerce, from the sudden and unexpected release of a hand brake, defendant was not liable if the brake was in good order and the sole cause of its releasing was the manner in which it was set.

3. Master and servant ⚖══285(7) — Whether brakeman injured by manner of attempted release of hand brake held for jury.

In an action for injuries to a brakeman engaged in interstate commerce, sustained when he was knocked from the top of a freight car by the sudden and unexpected release of a hand brake, whether the accident was caused by the manner in which plaintiff released the brake *held* for the jury.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by W. A. Baker against John Barton Payne, as agent. From judgment for plaintiff, affirmed by the Court of Civil Appeals (242 S. W. 343), defendant brings error. Judgments of Court of Civil Appeals and of district court reversed and cause remanded.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, King, Mahaffey & Wheeler, of Texarkana, and Chas. L. Black, of Austin, for plaintiff in error.

Jones, Sexton & Jones, of Marshall, for defendant in error.

BISHOP, J. W. A. Baker, the defendant in error here, and plaintiff in the trial court, testified that he was a switchman employed by plaintiff in error, and in the course of his employment he went on the top of a string of box cars for the purpose of releasing the brakes so the cars could be pulled out of the track on which they were standing; that he got on the cars up at the engine and traveled back toward the end, releasing the brakes as he went, and had reached the fourteenth of the 15 cars on the track; that the brake was on the opposite end of the car to that at which he got on, and he walked the length of the car to the brake; that he walked up and laid his brake club in the brake wheel with the intention of releasing the brake; that about that time the slack ran out of the car, caused either by the engine being backed into the cars, or the slack rolling out of one car, and hit this car, causing the brake to release and the brake club knocked him off the car; that the ratchet on the brake staff and the dog fitting therein holds the brake when it is set; that on this car the brake staff extended up about 3 feet from the top of the car, the brake wheel being on top of the staff; that the ratchet is for the purpose of holding the brake when set; that the cogs are on the outer line of the ratchet and set in hook fashion, and the dog is a piece of metal with one end sharp and hooked to fasten into these cogs; that in setting a brake the wheel and club are used to pull up and tighten the brake and the foot to push the dog into the cogs of the ratchet to hold it there; that when the notches become worn and blunt the dog will slip out; that if the notches are not worn, and the ratchet and dog are in good condition, and the dog properly set in, the only way to release the brake is to apply force to the wheel, and disengage the dog from the ratchet and by easing the brake off let it get loose; that when he put his club in the wheel he did not take hold of the wheel and did not put any weight on the club; that he made no effort to release the brake; that he was intending to get in position to hold

the released brake when he released it, but the brake released itself—slipped out and knocked him off the car; that he did not see what caused it to release, and did not know just what gave way, but it released; that he did not touch the dog with his foot and did nothing to cause the brake to release.

It was agreed that the train of cars at the time of the accident was engaged in interstate commerce.

Plaintiff in error offered testimony to the effect that the car in question, immediately after the accident, was examined, and that it was found that the brake had not released; that the ratchet, dog, and other parts of the brake were examined and all found to be in good condition; that the brake on this car was not one with the brake rod extending about 3 feet above the top of the car, and intended to be operated by one standing on top of the car, as testified by defendant in error, but that the brake was what is known as a "platform brake"; that the ratchet and dogs were on a platform on the end of the car, and from 2 to 3 feet below the top of the car, and that in releasing the brake one was expected to stand on the platform, and not on the top of the car, and that the brake rod extended only about 11½ inches above the top of the car.

Defendant in error in his petition alleged that it was the duty of plaintiff in error to provide an efficient hand brake, which it failed to do, and that by reason thereof he was knocked from the car and injured. He also alleged that the employees of plaintiff in error, whose duty it was to set brakes, negligently failed to securely latch or fasten the brake and negligently failed to cause the dog to safely and securely mesh with the ratchet on the brake staff, so that same would hold in position, and that by reason thereof the brake released. Plaintiff in error denied the defective condition of the brake, and other charges of negligence, and pleaded contributory negligence on the part of defendant in error. He also denied, specially, that any employee whose duty it was to securely set the brake had failed to do so, and also alleged that defendant in error in some manner and way negligently took hold of the brake to release same, and, as a result of his negligence in the manner in which he attempted to release the brake, he was caused to fall, and that such negligence on his part was the sole, direct, and proximate cause of his injury.

The trial resulted in a verdict and judgment in favor of defendant in error for $15,000, which was by the Court of Civil Appeals affirmed. 242 S. W. 343.

[1] We agree with the Court of Civil Appeals that the above evidence raises an issue of fact as to whether the brake was caused to release by reason of its inefficiency. The testimony of defendant in error that the brake automatically released, and that he did nothing to cause same to release, was sufficient to raise the issue and support a finding of the jury that it was inefficient, in violation of the provisions of the federal Safety Appliance Act (U. S. Comp. St. § 8605 et seq.). Ry. Co. v. Gotschall, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. Ed. 995; T. & P. Ry. Co. v. Sprole (Tex. Civ. App.) 202 S. W. 985.

[2] The plaintiff in error requested the following special instructions, which were by the trial court refused:

"You are instructed that if you believe and find from the evidence in this case that the plaintiff received his injuries as a sole, direct, and proximate result of the manner and way in which the brake was set at the time in question, then you are instructed that your verdict herein will be for the defendant, even though you may believe and find from the evidence that the plaintiff sustained the injuries or any of the injuries claimed."

"You are instructed that if you believe and find from the evidence in this case that the plaintiff was injured as the sole, direct, and proximate result of the manner and way in which he attempted, if he did, to release the brake in question, then your verdict will be for the defendant herein."

There was no direct evidence as to what caused the brake to release. The defendant in error testified he did not know what caused it, that all he knew was that it released, and that he did nothing to cause it. He also testified that if the brake had been properly set and was in good condition it would not have released as it did. The court, at the request of plaintiff in error, charged the jury that there was no substantial evidence that any one for whom it was sought to hold plaintiff in error liable negligently failed to set the brake. There was also evidence introduced by plaintiff in error that soon after the accident the brake was examined and found in good condition. Under this evidence we think the jury would have been warranted in finding that the brake was an efficient one, and that it was caused to release by reason of having been set by some one for whom it was not sought to hold plaintiff in error responsible, and under circumstances that plaintiff in error would not be liable. If the brake was not properly set, and this was the sole cause of the injury, under the evidence and charge the plaintiff in error would not be liable, and we think the court should have so instructed the jury.

[3] Defendant in error testified that he made no effort to release the brake, that the brake rod on this car was one extending about 3 feet above the top of the car with the ratchet and dog on top of the car, and that at the time he was knocked from the car, he was intending to release the brake while standing on top of the car. The evidence of plaintiff in error was that this brake was what was known as a "platform brake"; that the ratchet and dog were situated on the platform, from 2 to 3 feet below the top of

the car, with brake rod extending only about 11½ inches above the top of the car. It necessarily took strength to release the brake. If this was a brake to be operated from the platform, and plaintiff attempted to release it by standing on top of the car, and by jerking it so the dog would disengage from the cogs of the ratchet, or by reaching one foot down to the platform to kick the dog loose from the ratchet, and by reason of his position on the car, he was not able to hold and control the brake wheel, and the manner in which he attempted to release the brake was the sole cause of his injury, he, of course, could not recover. It was within the province of the jury to believe or not believe his statement that he had made no effort to release the brake. His purpose there was to release brakes, and if this was a platform brake, and he attempted to operate it standing on top of the car, his manner of operating it could have been the sole cause of his injuries.

We think that each of these requested charges presented a defensive theory raised by the evidence, and that plaintiff in error was entitled to have same affirmatively submitted as requested. G. C. & S. F. Ry. Co. v. Johnson, 98 Tex. 76, 81 S. W. 4; Wichita Falls Traction Co. v. Adams, 107 Tex. 612, 183 S. W. 155; G. H. & S. A. Ry. Co. v. Washington, 94 Tex. 510–517, 63 S. W. 534; Armour & Co. v. Morgan, 108 Tex. 417, 194 S. W. 942; Ry. Co. v. McGlamory, 89 Tex. 638, 35 S. W. 1058; Ry. Co. v. Hall, 98 Tex. 481, 85 S. W. 786; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517.

We recommend that the judgments of both the Court of Civil Appeals and district court be reversed, and the cause remanded to the district court for trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.