**BARROW v. BARCLAY et al.    (No. 1163.)***

(Court of Civil Appeals of Texas. Beaumont. Jan. 30, 1925. Rehearing Denied Feb. 11, 1925.)

**1. Appeal and error ⬤⇒965—Venue ⬤⇒42—Court's discretion as to change of venue not disturbed, unless discretion abused.**

Change of venue is within discretion of trial court, and, unless such discretion is abused, appellate court will not disturb its action.

**2. Venue ⬤⇒51—Court's discretion held not abused in denying change of venue.**

Court did not abuse its discretion in denying plaintiff's motion for change of venue, because she could not secure an impartial trial, where judge excused each juror who expressed any doubt as to his ability to render an impartial verdict, and record did not show that plaintiff's peremptory challenges were exhausted, or that any juror was disqualified further than admitting that he was a personal friend of defendants.

**3. Death ⬤⇒104(1) — Charge on issue of wrongful killing held proper under evidence.**

In action, under Rev. St. art. 4694, as amended by Acts 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), for death of plaintiff's decedent when killed at a still by deputy sheriff, guide given by trial court in charge, in determining whether killing of decedent was wrongful, held proper under the evidence.

**4. Trial ⬤⇒191(7)—Charge held not erroneous as leading or assuming that decedent was resisting arrest when he was shot.**

In action, under Rev. St. art. 4694, as amended by Acts 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), for death of plaintiff's decedent when killed at a still by deputy sheriff, charge given by court to guide jury in determining whether killing of decedent was wrongful *held* not erroneous as leading, or assuming that decedent was resisting arrest when he was shot.

**5. Trial ⬤⇒350(6)—Refusal to submit special issue whether sheriff was negligent in appointing deputy, held not erroneous, under pleadings and evidence.**

In action, under Rev. St. art. 4694, as amended by Acts 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), for death of plaintiff's decedent when killed at a still by deputy sheriff, refusal to submit special issue whether sheriff was negligent in appointing deputy sheriff, and whether such negligence was proximate cause of decedent's death, was not erroneous, under pleadings and evidence.

**6. Death ⬤⇒21—Law of self-defense same as in criminal action.**

In a civil action for wrongful death, where defendant seeks to justify his action on ground of self-defense, rule of law covering is same as in criminal action, and question of negligence vel non does not ordinarily enter.

**7. Trial ⬤⇒352(4)—Plaintiff not entitled to submission of issues, where she had not specially pleaded facts sought to be submitted in it nor offered evidence to sustain it.**

In action, under Rev. St. art. 4694, as amended by Acts 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), for death of plaintiff's decedent when killed at a still by deputy sheriff, plaintiff was not entitled to have special issues submitted to jury, where she had not specially pleaded facts sought to be submitted in issue nor offered any evidence to sustain it.

**8. New trial ⬤⇒99—Held properly denied for newly discovered evidence.**

In action, under Rev. St. art. 4694, as amended by Acts 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), for death of plaintiff's decedent when killed at a still by deputy sheriff, plaintiff's motion for new trial on ground of newly discovered evidence *held* properly denied for want of diligence, and because evidence would probably not change result if received, where such evidence consisted wholly of facts disclosed by examination of scene of homicide.

Appeal from District Court, Tyler County; J. M. Combs, Judge.

Action by Mrs. Lily Barrow, for herself and as next friend of her two minor children, Ralph and Frank Barrow, against B. A. Barclay, as Sheriff of Tyler County, and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Howth, Adams, O'Fiel & Hart, of Beaumont, for appellant.

J. E. Wheat, Mooney & Smith, and B. C. Fuller, all of Woodville, and Dycus & Shivers, of Port Arthur, for appellees.

HIGHTOWER, C. J. This suit was brought by Mrs. Lily Barrow, for herself

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes'
*Writ of error refused April 8, 1925.

and as next friend of her two minor children, Ralph and Frank Barrow, against B. A. Barclay, in his capacity as sheriff of Tyler county, and the sureties on his official bond, for the recovery of damages, both actual and exemplary, alleged to have been sustained as the result of the unlawful killing by Sheriff Barclay and his deputy, Carl Griffin, of Frank Barrow, who was the husband of Mrs. Lily Barrow and the father of the minor children.

The material allegations of the plaintiff's petition are, in substance, as follows:

That on or about the 23d day of September, 1923, Frank Barrow, the deceased, was engaged in the operation of a still in Tyler county, at which he was unlawfully manufacturing or making whisky or other intoxicating liquor, and that on that date Barclay, as sheriff, and his deputy, Carl Griffin, approached the place where deceased was operating the still, for the purpose and with the intention of arresting the deceased because of his violation of the law in unlawfully manufacturing or making intoxicating liquor; that when the sheriff and his deputy came upon deceased he attempted to evade an arrest by them, and sought to escape by running away from the still; and that when he attempted to so escape the sheriff and his deputy, with a gun or other deadly weapon, intentionally and unlawfully fired upon and so wounded the said Frank Barrow that he shortly thereafter died. It was further alleged that defendant Barclay was guilty of negligence in employing and appointing Carl Griffin as his deputy, for the reason that Griffin was a man who was addicted to the excessive use of intoxicating liquor, and was therefore unfit to be a deputy sheriff, which facts it was alleged were known to Barclay at the time he appointed Griffin as his deputy. Actual damages were prayed in the sum of $15,000, and exemplary damages in the sum of $5,000. This is a sufficient statement of plaintiff's petition for the purposes of this opinion.

Defendants filed a joint answer, containing general demurrer and many special exceptions, none of which are before us, a general denial, and a special plea admitting the killing of Frank Barrow by Carl Griffin, the deputy sheriff, but alleging in that connection that, at the time the deputy shot Barrow, Barrow was making an attempt to procure a deadly weapon with which to shoot and kill the sheriff and his deputy, as they thought and believed at the time of the shooting, and that therefore the killing of Barrow by the deputy was not wrongful, but justifiable or excusable, and that none of the defendants were liable to the plaintiffs in any damages because of the death of Frank Barrow so brought about.

The case was tried with a jury, and verdict and judgment rendered in favor of the defendants, and, after her motion for new trial was overruled, this appeal was in due time prosecuted.

When the case was called for trial in the lower court, plaintiff filed a motion for a change of venue, in which she alleged that she could not reasonably expect to have a fair and impartial trial in Tyler county, for the reason that a large majority of the qualified jurors in the county were the personal acquaintances and friends of Sheriff Barclay and the sureties on his official bond, and for that reason moved the court to change the venue. The motion was overruled, and appellant duly excepted, and has here assigned the action of the court in overruling the motion as one of the reasons why the judgment should be reversed.

In connection with the motion to change the venue, the evidence showed substantially the following:

[1, 2] Sheriff Barclay and a majority of the sureties on his official bond had been for a long time residents of Tyler county, and three of the sureties had theretofore held official positions in the county for several terms, and all of them, including the sheriff, were well acquainted throughout the county, and were popular with the people in general, and had many personal friends among the qualified jurors of the county. It was not shown that there was any prejudice against the deceased, Frank Barrow, nor against Mrs. Lily Barrow, but it was shown that the deceased was not largely acquainted in the county but was only slightly so. The evidence further showed that a number of the jurors, and it might be said a majority of them, when interrogated in that connection, stated that they were personally acquainted with the sheriff and the sureties on his official bond, and many of them, and perhaps a majority of them, stated that they were personal friends to the sheriff, and some of them personal friends to some of the sureties on his official bond, and a few of the jurors, being tested, had doubts as to whether they would be able to render a fair and impartial verdict in the case on account of such acquaintance with and friendship for the defendants. The record reflects that the trial judge was very careful to excuse a juror in each instance where any doubt was expressed by him as to his inability to render a fair and impartial verdict in the case; and the judge did not wait for objections in that connection, but of his own motion each time excused such juror. It is true that some of the jurors who were accepted by both sides in the case without objection stated that they were personally acquainted with and personal friends of at least some of the defendants, but each of such jurors stated, when being tested, that, notwithstanding such acquaintance and personal friendship, he could render a fair and impartial verdict, and would do so. There is no showing in the record

that appellant's peremptory challenges were exhausted, and no attempt to show that any juror who sat in the case was disqualified to do so for any reason further than by way of argument that a juror who admitted that he was a personal friend of defendants in the case was an unfair and unqualified juror, and that, therefore, the motion to change the venue ought to have been granted. This matter was, of course, within the discretion of the trial judge, and, unless made to appear that such discretion was abused, this court would not disturb the trial court's action. It could not, of course, be successfully contended by appellant that the showing as made in connection with the motion was a statutory ground for change of venue. It might be further stated in this connection that there is no assignment challenging the jury's verdict on the ground that it is without support in the evidence, or that it is even against a preponderance of the evidence. We have been cited to no authority in this state that supports appellant's contention that it was the duty of the trial court to change the venue in this instance upon the showing made, and appellant's assignment of error in that connection must be overruled.

[3] Appellant's next contention is that the trial court submitted the case to the jury under a general charge, denying appellant's request to submit the case upon special issues. This action was brought under Article 4694 of the Revised Statutes, as amended by the Act of 1913, c. 143 (Vernon's Sayles' Ann. Civ. St. 1914, art. 4694), authorizing a recovery of damages sustained by one in consequence of the wrongful death of another. The charge, so far as complained of, and with the exception of that portion submitting the measure of damages, was as follows:

"This case will be submitted to you on special issues. That is to say, certain questions will be hereinafter propounded to you and your answers to said questions, written upon a separate sheet of paper, will constitute your verdict.

"You are charged that under the law Carl Griffin had a right to arrest the deceased, Frank Barrow, on the occasion in question, and in order to make said arrest he was authorized to use all reasonable and necessary force to affect it, short of taking the life of the said Frank Barrow. However, he was charged with the duty of using ordinary care in making the arrest, and to use only that degree of force that was reasonable and necessary under the circumstances and that an ordinarily prudent man would use under the same or similar circumstances, and the use of greater force than that would be wrongful. You are further charged that a peace officer engaged in making an arrest has a right to protect himself from an attack made upon him by one resisting arrest, and to use all reasonable and necessary force to overcome the resistance and repel the attack, and in doing so he may take the life of the person resisting when it is reasonably apparent to him that such is necessary to protect himself from death or serious bodily injury at the hands of the one resisting. The killing of one resisting arrest by a peace officer under such circumstances would not be 'wrongful' as that term is hereinafter used. And it is not necessary that the danger should be real or that the person was actually resisting arrest and attempting to kill the officer, but, if a person of ordinary prudence placed in the same or a similar position as the officer would, under all the facts and circumstances, reasonably conclude it necessary to kill the person whom he was attempting to arrest in order to protect himself from death or serious bodily injury at his hands, then such killing would not be 'wrongful.'

"And in this case, if you find from the evidence that Carl Griffin, in shooting the deceased, did so in defending himself against an attack, real or apparent, from the said Frank Barrow, producing in him a reasonable fear or expectation of death or serious bodily injury, at the hands of the said Frank Barrow, such as would cause a reasonably prudent man to act as he did under the same or similar circumstances, then you will answer question No. 1 below in the negative. But on the other hand, if you find from a preponderance of the evidence that a reasonably prudent man placed in the same or similar circumstances would not have shot and thereby killed the said Frank Barrow, then you will answer said question in the affirmative.

"Bearing in mind the foregoing instructions, you will answer this question:

"Question No. 1. Was the killing of Frank Barrow by Carl Griffin, under the facts and circumstances in evidence, wrongful? You will answer this question 'Yes' or 'No' as you find the fact to be."

This charge was not, in our opinion, a general charge, as contended by appellant, and did not call for a general verdict in favor of either party to the suit. The substance of the charge is not complained of, and therefore there is nothing as to the substance of the charge demanding our consideration. We will say, however, that the guide given by the trial court to the jury in this charge in determining whether or not the killing of deceased was wrongful seems to be in accord with the decisions of the appellate courts of this state. The appellant in this case had alleged and sought to prove that the killing of deceased was wrongful, in that he was intentionally shot by the sheriff and his deputy, or one of them, while he was in the attempt to escape arrest by them when they came upon him at the still where he was engaged in the unlawful manufacture of intoxicating liquor, and that he sought to effect his escape by running from the officers, and that he was shot in the back and while he was running at a point about 40 yards from the still. It was the contention of appellees that, while the deputy sheriff, Griffin, intentionally shot the deceased, he did so because he thought at the time that deceased was attempting to procure a gun or other deadly weapon with the intention to shoot the said Griffin or Sheriff Barclay, and that

in order to protect himself and Barclay, Griffin fired the shot in self-defense, and that, therefore, the killing of deceased was not wrongful. The jury, under the facts of this case, would not, of course, have been able to determine whether the killing of Frank Barrow was wrongful or not, unless they had been properly guided by the trial judge as to what, under the facts, would constitute a wrongful killing. True, the charge might have been framed differently, but as framed we do not see that there was any error, and, as we have stated, there is no contention of error by appellant, with the exception that the charge was a general charge and called for a general verdict. This contention, as we have stated, is not, in our opinion, correct. We therefore overrule this assignment.

[4] The next assignment complains of the charge on the ground that it was leading, and assumed that deceased was resisting arrest at the time he was shot. We think, upon careful reading of the charge, that this contention cannot be sustained. No special issue in that connection was requested, nor any special charge as to what would constitute a resistance of arrest.

[5, 6] The next contention is that the court erroneously refused to submit for the jury's consideration a special issue as to whether the defendant Barclay was guilty of negligence in appointing Carl Griffin his deputy, and whether such negligence was the proximate cause of Frank Barrow's death. We have already stated the respective contentions of the parties to this suit; that of appellant being that the shooting of Frank Barrow was intentional and unlawful, and that of appellees being that, while such shooting was intentional, it was done in self-defense of the officers while they were in the attempt to arrest deceased. All the evidence introduced in the case shows that the shooting which resulted in the death of deceased was done by the deputy, Carl Griffin, and that such shooting was intentional on his part, but it was further testified by him that, at the time he fired the shot which killed deceased, deceased was making an attempt, as the deputy thought, to pick up a gun or other weapon two or three feet from the still with which to kill or attempt to kill the deputy and the sheriff, and that under such apprehension of death or serious bodily injury he, Griffin, fired the shot which resulted in Barrow's death. If the killing of deceased by Carl Griffin was intentional, then it necessarily follows that it was not negligently done, and the only issue that was proper for the jury in this case was whether or not such killing was wrongful, and that term was clearly defined in the court's charge. Under the issues raised by the pleadings of both parties and the evidence adduced under them it would have been error for the trial court to have submitted the issue of negligence as requested by ap-

pellant. Croft v. Smith (Tex. Civ. App.) 51 S. W. 1089, and authorities therein cited. It is now well settled in this state, by authority, that in a civil action for wrongful death, where defendant seeks to justify his act on the ground of self-defense, the rule of law governing is the same as in a criminal action, and the question of negligence vel non does not ordinarily enter into the case. March v. Walker, 48 Tex. 372; Tucker v. State, 89 Md. 484, 43 A. 778, 44 A. 1004, 46 L. R. A. 181.

[7] The fifth assignment complains of the refusal of the trial court to submit this special issue:

"Did the deceased, Frank Barrow, at the time he was shot by the deputy sheriff, Carl Griffin, make a move or gesture such as would cause an ordinarily prudent man to think that he was reaching for a gun? Answer 'Yes' or 'No,'"

—and this special issue:

"If you have answered the above in the affirmative, then did the said Carl Griffin shoot the said Frank Barrow believing his life to be in danger? Answer 'Yes' or 'No.'"

The substance of appellant's contention under this assignment is that, because defendants had specially pleaded and sought to prove that the deputy sheriff shot Barrow because he thought Barrow was attempting to procure a weapon with which to shoot himself and the sheriff, it was plaintiff's right to have these specific facts, as pleaded by defendants, submitted for the jury's consideration. If we understood appellant's contention in this connection, it invokes the rule announced in Railway Company v. McGlamory, 89 Tex. 639, 35 S. W. 1058. The rule there announced by Judge Denman of the Supreme Court of this state is, in substance, that either party to a suit is entitled to have submitted to the jury any group of facts pleaded by him and supported by evidence, and furnishing a cause of action or ground of defense submitted for the jury's consideration, where such request for such submission is timely made. This court has applied the rule in a number of cases that have been before us, and it has been followed by other appellate courts in this state. Anderson Bros. v. Parker Construction Co. (Tex. Civ. App.) 254 S. W. 642; Railway Co. v. Emberlin (Tex. Civ. App.) 255 S. W. 796; Payne v. Baker (Tex. Com. App.) 258 S. W. 466. The appellant in this case, however, is not the party who had specially pleaded the facts sought to be submitted in this requested issue, nor was any evidence offered by appellant for the purpose of sustaining such plea. It may be that the defendants would have been entitled to have submitted to the jury an issue similar to that requested by appellant, since the facts therein mentioned

were substantially pleaded by them and sustained by evidence introduced by them, but appellant is not in a position to complain that the rule in the McGlamory Case was not applied in her favor here.

[8] The sixth and last assignment complains of the action of the trial judge in refusing the motion for new trial, on the ground of newly discovered evidence. The substance of this claimed newly discovered evidence is this, as shown by the motion: That the physical facts at the place where the shooting took place sustained appellant's contention, as made upon the trial, that the deceased was not shot at or in close proximity to the still that he was operating, as claimed by appellees, but that he was shot while running in an attempt to escape arrest at a point some forty yards distant from the still; that after the trial investigation had been made by appellant, and it was discovered, upon such investigation, that bushes and trees bore marks made by bullets or shot near the point where the body of deceased was found after the shooting, and in such direction from the still as to show that the shooting did not take place at or in close proximity to the still, but must have been done when the deceased had reached a point some forty yards or more from the still; that appellant did not know that an examination would disclose these physical facts, and for that reason did not, prior to the trial, learn of such facts, but believed that it would not be contended by appellees that Barrow was shot while at the still or in close proximity thereto; and that appellant did not have time after the trial had commenced to meet such contention, then for the first time, so far as appellant . knew, made by appellees. There is no contention in this connection that appellant was misled in any way by any statements or acts on the part of any of the appellees as to what their contention would be as to the immediate facts of the shooting, and there is nothing to indicate why an examination of the place where the shooting took place might not have been made long prior to the trial, had it been considered by appellant that any material evidence might have been found by making such examination. We think there is a clear lack of showing of diligence in this connection, and therefore must overrule appellant's contention. In this connection we would say further that it does not appear to us from the record that the evidence claimed to have been newly discovered, if adduced upon another trial, was of such materiality as would probably change the result.

This disposes, in effect, of all contentions made by appellant, and, since, in our opinion, no reversible error has been shown, the judgment will be affirmed, and it has been so ordered.