CASE 48.—PERSONAL INJURY ACTION BY ROSA A. BAKER
AGAINST THE PADUCAH TRACTION COMPANY.—
November 13.

# Paducah Traction Co. v. Baker

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

1. Carriers—Carriage of Passengers—Actions for Injuries—Complaint.—A complaint for injuries to a street railway passenger may charge that the accident was due to the negligence of the motorman, or to defects in the car, and is not confined to one ground of negligence.

2. Carriers—Carriage of Passengers—Actions for Injuries—Presumptions and Burden of Proof—Res Ipsa Loquitur.—In a personal injury action, if the cause of injury is not within the reasonable knowledge of plaintiff, he may go to the jury, especially in an action against a carrier, upon evidence of negligence and injury, without being required to specify the particular cause, under the doctrine of res ipsa loquitur.

3. Carriers—Carriage of Passengers—Actions for Injuries—Evidence—Res Ipsa Loquitur.—The sudden starting of a street car with a jerk of sufficient violence to throw to the ground a passenger, who had placed her foot on the running board to alight at the crossing which the car was slowly approaching, justifies an inference of negligence.

4. Negligence — Presumptions and Burden of Proof — Res Ipsa Loquitur—Rebuttal.—An inference of negligence arising under the doctrine of res ipsa loquitur is rebuttable, as is any other legal presumption.

5. Appeal and Error—Review—Questions of Fact.—A verdict will not be disturbed on review, unless flagrantly against the evidence.

5. Appeal and Error—Review—Questions of Fact.—A verdict will not be disturbed on review, unless flagrantly against the evidence.

WHEELER, HUGHES & BERRY for appellant.

POINTS AND AUTHORITIES.

1. Error on the part of the trial court in submitting to the jury a phase of the case involving the negligence of the appellant upon which phase of the case there was not a scintilla of evidence. (Ky. Central Railroad Co. v. Riddle, 17 Ky. Law Rep., 1363; Mayer v. Farrish, 11 B. Mon., 38; Adams et al. v. Tierman et al., 5 Dana, 394; Mill Creek Distilling Co. v. Pleasure Ridge Park Distilling Co., 22 Ky. Law Rep., 998; Krish v. Ford, 19 Ky. Law Rep., 1167.)

2. That the verdict of the jury was and is palpably against the weight of the evidence and could not have been rendered by the jury except under the influence of passion or prejudice; and a verdict should not be allowed to stand simply because there is a scintilla of evidence in favor of the appellee when such scintilla is overwhelmingly overcome by other evidence. (C. N. O. & T. P. Ry. Co. v. Zachary's Adr 32 Ky. Law Rep., 678.)

CRICE & ROSS for appellee.

Since writing our brief in this case our attention has been directed to the case of the City of Covington v. Webster, reported in 33 Ky. Law Reporter, page 649. We think this case completely upsets the theory of the appellant in its position that this case should be reversed because of the "Error on the part of the trial court in submitting to the jury. the phase of the case involving the negligence of the appellant upon which phase of the case there was not a scintilla of evidence"; and that it sustain the contention made in our brief that the court was exactly right in submitting the whole case to the jury.

AUTHORITI

Louisville Railway Co. v. Williams, 99 S. W., 145; Louisville Railway Co. v. Bohan, 99 S. W., 915; Louisville Railway Co. v. Worley, 101 S. W., 926; Louisville Railway Co. v. Pulliam, 101 S. W., 295; Louisville Railway Co. v. Oppenheimer, 104 S. W., 720; Lexington Railway Co. v. Herring, 96 S. W., 558; South Covington & Cin. St. Ry. Co. v. Pelzer, 19 Ky. Law Rep., 88;

Paducah Traction Co. v. Baker.

Hammill v. L. & N. R. R. Co., 93 Ky., 344; C. N. O. & T. P. Ry. Co. v. Crabtree, 30 Ky. Law Rep., 1000.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

For personal injuries alleged to have been sustained by the negligence of the defendant company and its agents, by reason of which she was violently thrown or fell from a street car upon which she was a passensenger, appellee brought this action. A trial before a jury resulted in a verdict in her favor, and the judgment on this verdict we are asked to reverse.

The petition stated appellee's cause of action as follows: "She states that, when the car on which she was a passenger arrived within about one-half a block of her destination, the conductor thereon rang the bell, notifying the motorman in charge that a passenger wished to leave the car at the corner of Eleventh and Madison streets. She avers that, when the car had approached to within a short distance of the corner of said streets, it began to slacken its speed, and continued to go less rapidly until it had crossed the street and reached the point where it usually stopped for the discharge of passengers. That while the car was going at this rate of speed, and just before it reached the point where the plaintiff was to alight, the conductor on the car came around where she was sitting, and took her umbrella from her and raised it, stepping out on the step to assist her of, and just at this time, and immediately before the car reached its usual and customary stopping place on this corner, and the place where the plaintiff desired to alight, the car was going at a slow rate of speed. She arose for the purpose of stepping off the car when it had stopped, and while she was in a

standing position on the car, and before she had made any attempt to alight, the conductor, who was standing on the steps, extended his hand to assist her from the car, when the car started up suddenly with a jerk and threw her to the ground with great force and violence. Plaintiff says that the sudden starting of the car with a jerk as aforesaid was caused by reason of the gross negligence and wanton carelessness of defendant's agents and servants who were in charge of said car, or because of the gross negligence and wanton carelessness of the defendant in operating this car, while it and the machinery and appliances connected therewith were in a dangerous and defective condition, which dangerous and defective condition existed at the time, and was well known to the defendant, its agents, and servants in charge thereof, or could have been known by the exercise of ordinary care and prudence. Plaintiff avers that the accident aforesaid, and the injuries resulting therefrom, were caused by reason of one or both of the acts of negligence just indicated, but she can not state positively which.'' Appellee was the only witness who testified in her behalf concerning the nature and cause of the accident that resulted in her injuries. She testified that, when she had placed her foot on the running board of the car for the purpose of getting off at the crossing which the car was slowly approaching, and while being assisted by the conductor, the car gave a lurch and threw her off. She did not state what caused the car to suddenly start forward. There was no evidence whatever that the car or any of the machinery or appliances connected therewith were in an unsafe or defective condition, nor was there any evidence that the motorman was negligent. The evidence for appellant conduced to show that the car did not suddenly, on with

a lurch or jerk, start, but that the appellee stepped on
the footboard, running lengthwise of the car to enable
passengers to get on and off, while the car was in
motion; that the footboard was wet from the falling
rain, and her foot slipped, and she fell to the ground
without any negligence or carelessness on the part of
the company or any of its employes.

With the evidence in this condition, the court in-
structed the jury that: "It was the duty of the defend-
ant to exercise the utmost care, which careful and
prudent persons are accustomed to exercise when
engaged in like business and under like or similar cir-.
cumstances of this case, to have its said car and the
machinery and appliances thereto attached, in a rea-
sonably safe condition; and it was the duty of the
defendant's employes in charge of said car, and in the
operation and management of same, to exercise a like
degree of such care to safely carry the plaintiff to the
place where she wanted to leave or get off said car,
and to stop same at said place long enough to allow
plaintiff a reasonable opportunity to get off of said
car in safety. If you shall believe from the evidence
that the defendant's employes in charge of said car
failed to exercise such care, and that, while plaintiff
was preparing to leave or get off of said car, with
notice or knowledge to the employes in charge of said
car, before the same had been stopped, and while said
car was being slackened up for the purpose of being
stopped, the employes in charge of said car suddenly
and with a jerk started said car, or if you shall believe
from the evidence in this case that the machinery and
appliances of said car were defective and unsafe, and
defendant knew this, or by the exercise of ordinary
care could have known it, and by reason of such de-
fective and unsafe machinery and appliances said car

was caused to suddenly start with a jerk, and by rea-
son of either of these things, and as a direct and proxi-
mate cause of either, plaintiff was thrown to the
ground and injured, then defendant was guilty of
negligence, and the law in this case is for the plaintiff,
and you should so find.''

Appellant complains of so much of this instruction
as submitted to the jury the question as to the unsafe
or defective condition of the car, its machinery or
appliances, upon the ground that, although the petition
alleged that the car, its machinery, or appliances were
unsafe, dangerous, and defective; there was no evi-
dence offered or heard in support of this allegation.
It contends that by incorporating this idea in the
instruction the court submitted an issue, not involved
in the case, that was calculated to mislead the jury
and was prejudicial to its substantial rights. In an-
swer to this counsel for appellee argues that all that
appellee could say was that the car was negligently
started with a violent jerk when she was in the act of
getting off. Whether the sudden lurch of the car was
caused by the negligence of the persons in charge of it,
or by reason of defects in the machinery or appliances
of the car, that prevented the motorman from controll-
ing it, she did not know and could not state. That she
did not see the motorman at the time, and could not
say that he was negligent, or that the sudden start was
caused by reason of the brake being in such defective
condition that it slipped, or was jarred loose, or on
account of some other defective appliance of the car.
A sharp issue was made by the evidence of the com-
pany and the appellee as to whether or not the car
increased its speed while she was in the act of alight-
ing. This was the vital point in the case, and the
question is, Must the appellee fail because she could

not in her evidence specify in what particular the negligence complained of consisted? To put it in another way, Must a passenger, under circumstances similar to those proven in this case, be able to state or prove by witnesses the cause that produced the acts alleged to be negligent, or failing in this, go out of court?

The plaintiff in an action like this has the right to state, in as many different ways as the facts will justify, the negligence that caused the injuries complained of. He is not confined to one act of negligence on the part of the defendant, but may state separate and distinct concurring acts that produced the accident, and may recover upon sufficient proof to support one or more of them. To illustrate: The plaintiff in this case had the right to charge generally that her injuries were caused by the negligence of the persons in charge of the car, or because the car or some of its appliances or fixtures were in a defective, unsafe, and dangerous condition, or because the tracks or appliances used in connection therewith were out of repair, or in an unsafe condition, or she might have pointed out with particularity the several acts of negligence that contributed to bring about the injury complained of. Gaines & Co. v. Johnson, 105 S. W. 381, 32 Ky. Law Rep. 58. There is no question that the plaintiff stated a good cause of action in her petition, nor is there any doubt that she had the right to charge that the accident was due to the negligence of the motorman or to defects in the car. There is great force in the argument that appellee could not in her evidence state accurately, or indeed at all, what caused the car to start, or whether it was negligence on the part of the motorman, or negligence in the company in failing to have the car in such condition as that the motorman might control its movements. She knew

the car started suddenly and with a lurch. Why it did so she could not state, because she did not know. If, as a matter of fact it did suddenly start, after it had slowed up for the purpose of permitting appellee to alight, it is clear that either the motorman was guilty of negligence, or that the car or some of its appliances were so defective that he could not control it. There was no direct evidence of defective appliances, nor indeed was there any direct evidence of negligence on the part of the motorman, or that any person or thing caused the car to suddenly start forward, as shown by the evidence of appellee. Under this state of facts, if the argument of counsel for appellant is sound, the court should have peremptorily instructed the jury to find a verdict in favor of the company. If there was no evidence to show defective appliances, neither was there any to show negligence on the part of the persons in charge of the car. If it was error to submit to the jury the question of defective appliances, it was equally error to submit the question of negligence of the motorman. So that, carried to its logical conclusion, the result would be that in cases of this character, unless the plaintiff was able to introduce direct evidence of negligence on the part of the persons in charge of the car, or evidence of defective appliances, there would be a failure of proof. But the argument of counsel is not sound. It often happens that a passenger of a common carrier, who is injured by its negligence, it not able to point out the particular person or thing that caused the negligence, or describe in what it consisted, as the passenger does not know, and may not have any means of knowing. But, it does not follow from this that the passenger may not make out his cause of action, or a case that would authorize a submission of the issue to the jury.

It is a general rule that the plaintiff, in actions to recover damages for personal injuries, as well as in other cases, has the burden of proof, and must introduce evidence in support of the cause of action set out in his petition; but, if the cause that produced the negligence and consequent injury is not within the reasonable reach or knowledge of the plaintiff, then he may, especially in actions against carriers, go to the jury upon evidence of negligence and resulting injury without being required to specify the particular cause of the negligence. And this, by the application of the well-recognized rule of res ipso loquitur, which means, "the thing speaks for itself." Accepting the statements of appellee as true, it is manifest that the car suddenly started, although the appellee could not state what caused it to start. That it was started, either by the negligence of the motorman, or by the company in failing to have the car properly equipped, is equally plain. Whether it was due to one of these causes or the other, or both of them jointly, is not material, so far as the appellee is concerned, as in either event she was entitled, upon her own showing, to recover for the injuries sustained by the negligent starting. Her evidence established the two essential things necessary to recover—injury to herself without her fault, and that negligence upon the part of the carrier caused it.

The scope of the doctrine of res ipso loquitur, and its ready application to the facts of this case, is well illustrated in the statement of the rule in Shearman & Redfield on Negligence, section 59, where it is said: "The accident, the injury, and the circumstances under which they occur, are in some cases sufficient to raise a presumption of negligence, and thus cast upon the defendant the burden of establishing his freedom from fault. Proof of an injury occurring as the prox-

imate result of an act of the defendant, which may not usually, if done with due care, have injured any one, is enough to make out a presumption of negligence. Where a thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who had the management of it used proper care, it affords reasonable evidence, in the absence of an explanation by the defendant, that the accident arose from a want of care. So, also, where it is shown that the accident is such as that its real cause may be the negligence of the defendant, and whether it is so or not is within the knowledge of the defendant, the plaintiff may give the required evidence of negligence, without himself explaining the real cause of the accident, by proving the circumstances, and thus raising a presumption that if the defendant does not choose to give the explanation, the real cause was negligence on the part of the defendant.''

The text is fully supported in Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630. Griffen was injured in an elevator accident. The court in that case said: ''The death of the plaintiffs intestate was caused by the fall of the counter-balance weights. Those weights were held in a frame, to which was attached a rope or cable, passing around a drum . The weights fell down from the frame, and the rope was thrown off the drum. That no such accident could ordinarily have occurred had the elevator machinery been in proper condition and properly equipped seems to me very plain. The court was therefore justified in permitting the jury to infer negligence from the accident construing, as I do, the term 'accident' to include, not only the injury, but the attending circumstances.''

And so in Breen v. N. Y. Central R. R. Co., 109 N. Y. 297, 16 N. E. 60, 4 Am. St. Rep. 450, the court said: "There must be reasonable evidence of negligence; but, when the thing causing the injury is shown to be under the control of the defendant, and the accident is such as in the ordinary course of business does not happen if reasonable care is used, it does, in the absence of the explanation of the defendant, afford sufficient evidence that the accident arose from a want of care'on his part." In Howser v. Cumberland & Pa. R. R. Co., 80 Md. 146, 30 Atl. 906, 27 L. R. A. 154, 45 Am. St. Rep. 332, the plaintiff was injured by being struck by cross-ties that fell from a moving car, although the plaintiff was unable to state what caused the cross-ties to fall. The court said: "While the general rule undoubtedly is that the burden of proof that the injury resulted from the negligence on the part of the defendant is upon the plaintiff, yet, in some cases the very nature of the accident may in itself, and through the presumption it carried, supply the requisite proof."

In Consolidated Traction Company v. Thalheimer, 59 N. J. Law 474, 37 Atl. 132, the facts are almost identical with those in this case. The only witness who testified in behalf of plaintiff in her suit against the company to recover damages for personal injuries was herself. She said that: "She was a passenger in a street car operated by the traction company and running upon Orange street, in the city of Newark; that she notified the conductor of the car that she desired to alight therefrom at Fifth street (which crossed Orange street) ; that when the car approached Fifth street the conductor called out the name of that street; that she got up from her seat, while the car was still in motion, and walked to the rear door of the car,

which was open, and when she arrived at the door and was just coming out of it, she was thrown into the street by a movement of the car which she called a 'lurch' or a 'jerk,' and described as of sufficient force to 'throw her right off.' The fall produced serious injury.'' After the motion for a peremptory was over-ruled, the company gave evidence tending to show that Mrs. Thalheimer fell upon the street after she had safely alighted from the car. In denying the motion for a new trial the court said: ''Our review is limited to the consideration of the question whether Mrs. Thalheimer's evidence, if credence were given to it, was sufficient to establish the liability of the traction company to answer for her injury. The contention that the evidence in question was insufficient to show a breach of the duty which the traction company, as a carrier of passengers, owed to Mrs. Thalheimer can not, in my judgment prevail. As street cars run upon rails fixed and leveled in the highway, and not per-mitting lateral motion, and are provided with brakes which, when applied quickly or when, after being applied, are released quickly before the momentum of the car has been overcome, produce known mechanical effects upon persons on the car, the occurrence of a lurch or jerk of the violence described fairly justifies an inference that either the tracks were improperly laid or were out of order, or the brakes were improp-erly handled. At all events the fact that such a lurch or jerk occurred as would have been unlikely to occur if proper care had been exercised brings the case within the maxim 'res ipsa loquitur.' ''

In the full note to Huey v. Gahlenbeck, 121 Pa. 238, 15 Atl. 520, 6 Am. St. Rep. 790, supported by ample authority, the editor states ''that, as a general propo-sition, a party who charges negligence as a ground of

an action must prove it; yet that an accident may be of such a nature as to raise a presumption of negligence is fully sustained by authority. The doctrine is maintained that proof of the occurrence of an accident, which under ordinary circumstances would not have happened if due care had been exercised, raises a presumption of negligence, and the burden of proof is thus raised upon the part of the defendant to rebut the presumption. Or, as expressed in an English case, where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management of it used proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." In 29 Cyc. 590, and 21 Am. & Eng. Eng. Ency. of Law 512, numerous cases are cited in line with the foregoing authorities.

The case before us furnishes a fine example for the application of the principle announced in the foregoing authorities. The thing that caused the injury was under the exclusive control of the railway company. It owed a duty to the appellee as a passenger to use due care to avoid injury to her; and the accident was of such a nature that according to her statement it could not have happened in the absence of negligence in the operation or construction of the car. We therefore conclude that it was proper to submit to the jury the question of defective appliances together with the negligence of the motorman, upon the theory that the jury had the right to infer from the plaintiff's evidence that the defendant company was negligent; and, as the plaintiff could not particularize the negligence, as it might have resulted from one or both of the causes. Nor is the fact that the defendant, in cases of

this character, may introduce direct evidence conducing to establish that there was no negligence in the operation of the car, or defect in the appliances or fixtures, sufficient to warrant the court in taking the case from the jury, as the jury might infer, notwithstanding this evidence, that there was negligence on the part of the carrier. This inference is of course rebuttable, as is any other legal presumption, and the evidence offered in rebuttal might be so conclusive or overwhelming as to authorize the court to set aside a verdict for the plaintiff.

It is strongly urged that the injury to plaintiff was due to the fact that her foot slipped, and not to any negligence in the operation or construction of the car, and that the verdict is against the evidence, and this may be conceded. But the jury, as has been often and over again said, saw the witnesses, heard them testify, and accepted the evidence of the appellee in preference to that offered in behalf of the company, and we can not say that the verdict is so flagrantly against the evidence as to authorize us for this reason to disturb it.

The judgment is affirmed.