# MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY *v.* GOTSCHALL, ADMINISTRATRIX OF GOTSCHALL.

## ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 251.  Argued April 9, 1917.—Decided May 21, 1917.

Plaintiff's intestate, a brakeman, was thrown from a train carrying interstate commerce, and killed, as a result of couplers coming open while the train was in motion. *Held,* that, in view of the Safety Appliance Act, negligence might be inferred from the mere opening of the couplers.

A father who by the state law is entitled to the earnings of his son during minority may recover damages for the latter's death upon a cause of action under the Federal Employers' Liability Act.

130 Minnesota, 33, affirmed.

THE case is stated in the opinion.

*Mr. William H. Bremner* and *Mr. Frederick M. Miner* for plaintiff in error, submitted.

*Mr. Lyle Pettijohn,* with whom *Mr. W. R. Duxbury* was on the brief, for defendant in error.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Basing her cause of action upon the Federal Employers' Liability Act, the defendant in error as administratrix of the estate of Merlin E. Gotschall, deceased, sued to recover from the Railroad Company, plaintiff in error, damages resulting from his death alleged to have been occasioned by the negligence of the company while he was in its employ engaged in interstate commerce. On this writ of

error a reversal is sought of the action of the court below
in affirming a judgment entered by the trial court on the
verdict of a jury in favor of the plaintiff.

. .The evidence tended to show the following facts:
Gotschall, a minor twenty years old, at the time in ques-
tion was head brakeman on an extra freight train running
from Albert Lea, Minnesota, to Minneapolis and trans-
porting interstate commerce merchandise.   As the train
left Jordan, an intermediate station, Gotschall boarded
a car toward the rear end and was proceeding along the
tops of the cars toward the locomotive when the train
separated because of the opening of a coupler on one of
the cars, resulting in an automatic setting of the emer-
gency brakes and a sudden jerk which threw Gotschall
off the train and under the wheels.

The jury, under an instruction of the court, was per-
mitted to infer negligence on the part of the company
from the fact that the coupler failed to perform its func-
tion, there being no other proof of negligence.   It is in-
sisted this was error, since as there was no other evidence
of negligence on the part of the company the instruction
of the court was erroneous as from whatever point of
view looked at it was but an application of the principle
designated as *res ipsa loquitur,* a doctrine the unsoundness
of which, it is said, plainly results from the decisions in
*Patton* v. *Texas & Pacific Ry. Co.,* 179 U. S. 658 and *Looney*
v. *Metropolitan R. R. Co.,* 200 U. S. 480.   We think the
contention is without merit because, conceding in the
fullest measure the correctness of the ruling announced
in the cases relied upon to the effect that negligence may
not be inferred from the mere happening of an accident
except under the most exceptional circumstances, we are
of opinion such principle is here not controlling in view of
the positive duty imposed by the statute upon the railroad
to furnish safe appliances for the coupling of cars.   *St.
Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210

U. S. 281, 294, 295; *Chicago, Burlington & Quincy Ry. Co.* v. *United States,* 220 U. S. 559, 575; *Delk* v. *St. Louis & San Francisco R: R.. Co.,* 220 U. S. 580, 586; *Texas & Pacific Ry. Co.* v. *Rigsby,* 241 U. S. 33, 43.

Again it is insisted that error was committed in submitting the case to the jury because there was no evidence of pecuniary loss resulting to Gotschall's father, on whose behalf the suit was brought. But this disregards the undisputed fact that the deceased was a minor and, as under the Minnesota law the father was entitled to the earnings of his son during minority, the question is one not of right to recover, but only of the amount of damages which it was proper to award.

*Affirmed.*