## LEHIGH VALLEY R. CO. v. HOWELL.

(Circuit Court of Appeals, Second Circuit. February 20, 1925.)

No. 212.

**1. Master and servant ⬅111(1)—Obligation of railroad to maintain efficient hand brakes is absolute and mandatory.**

Under Safety Appliance Act, § 2 (Comp. St. § 8618), the obligation of a railroad company to maintain efficient hand brakes on its cars is absolute and mandatory.

**2. Master and servant ⬅111(1)—Brakeman, injured through incidental use of defective hand brake, held entitled to recover.**

Where the giving way of a defective hand brake was the proximate cause of the injury of a brakeman, who took hold of the wheel to assist him in climbing to the top of the car, in course of duty, to release the brake, the fact that he was not using the brake at the time for the purpose for which it was intended held not to defeat his right to recovery.

In Error to the District Court of the United States for the Southern District of New York.

Action at law by John J. Howell against the Lehigh Valley Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Allan McCulloh, of New York City (Clifton P. Williamson and H. S. Ogden, both of New York City, of counsel), for plaintiff in error.

John C. Robinson, of New York City (Morris A. Wainger, of New York City, of counsel), for defendant in error.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Defendant in error, employed as a brakeman by the plaintiff in error, was engaged in interstate commerce on May 13, 1920, at Hartz yard, at or near Ashmore, in the state of Pennsylvania. His crew was to haul out a train of 75 cars, which were put together, coupled, and apparently gathered for movement. His duty required him to inspect each car, to learn if it was properly coupled, with air hose attached and brakes released. It was then midnight, and he proceeded dutifully with this work, using a hand lantern. When he got to about the thirty-third car from the rear, he found a brake tightly applied. This indicated that the hand brake was set on the wheels. The brake was set or released by turning the familiar hand wheel located on the top of the usual shaft extending up the front of the car. This was a box car, with an iron ladder located on the front end, which led to the brake platform. In order to release the brake, it was necessary for the defendant in error to climb up the ladder to the brake platform. He did so, carrying a stick in his right hand, and his lantern swung over his arm. When he reached a position at the top of the ladder, where he could step upon the brake platform, he took hold of the grabiron on the roof of the car with his left hand, placed the brake stick on the roof of the car, and reached over his left hand to take hold of the rim of the brake wheel on the side nearest to him, in a position which, if any pull was exerted on it, would pull against the brake pawl, then inserted in the teeth of the ratchet. As he did so, the brake shaft and ratchet wheel raised up, overriding and releasing the brake pawl, which slipped under the ratchet wheel. This caused the brake to suddenly and rapidly reverse and spin the wheel around, and threw the defendant in error backward. He landed on a steel gondola coal car, and received severe and permanent injuries, for which he has had a judgment below.

[1] The proximate cause of the release of the brake in the manner described is established to be the fact that the pawl had a tendency to go under the ratchet and be released, and would do so by any jar. This was due to the fact that the ratchet pawl was loose, and would slip under the ratchet,

because the key which holds the ratchet wheel in position was loose, and this permitted the ratchet wheel to rise on the shaft, thus permitting the passage of the pawl under the ratchet, between the ratchet wheel and the trunnion. The Safety Appliance Act (Comp. St. § 8618) provides that "on and after July first, nineteen hundred and eleven, it shall be unlawful for any common carrier ٭ ٭ ٭ to haul, or permit to be hauled or used on its line any car subject to the provisions of this act not equipped with appliances. ٭ ٭ ٭ All cars must be equipped with secure sill steps and efficient hand brakes."

The obligation was absolute and mandatory upon the plaintiff in error to comply with the requirements of this act, both in equipping and maintaining with efficient hand brakes. St. Louis, I. M. & S. R. Co. v. Taylor, 210 U. S. 281, 28 S. Ct. 616, 52 L. Ed. 1061; Atlantic City Ry. Co. v. Parker, 242 U. S. 59, 37 S. Ct. 69, 61 L. Ed. 150; Minneapolis & St. Louis R. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995; Reap v. Hines (C. C. A.) 273 F. 88. That the brake was defective is abundantly established, if not admitted.

[2] It is argued by the plaintiff in error that the defendant in error was not using or attempting to use the brake for the purposes for which it was intended, but was using it as a handhold or grabiron. The argument proceeds that a brake of any kind is to stop a car while it is in motion, and to maintain it stationary when stopped, and that the defendant in error took hold of the wheel only as a matter of convenience. But he did more than that. He proceeded up the ladder to the brake platform to take hold of this very brake wheel to turn it in the process of releasing the brakes. It was the expected thing for him to do in proceeding with this work. The fact that it might have kept his balance, or that the brake handle was of some assistance to him in finishing his climb up the ladder, was no matter of mere convenience. It was the one thing for him to take hold of. The obvious purpose of the law was to provide safety for trainmen by having efficient brakes when they were lawfully and dutifully touched or taken hold of in furtherance of the car's operation. The handling of a brake for the purpose of releasing it was as necessary as setting it. When it failed because of its defect, it proved to be inefficient, and liability attached to the plaintiff in error.

However, a similar argument was advanced in Davis v. Wolfe, 263 U. S. 239, 44 S. Ct.

64, 68 L. Ed. 284, where the plaintiff was standing on a steel step with his hand on a grabiron that was loose. The grabiron was defective, being imbedded in wood that was rotten and worn away. While in this position, the car moved forward with a jerk, and, owing to the play of the grabiron, he was caused to fall and sustained injury. Liability was imposed under the Safety Appliance Act, which provided that it was unlawful to. use a car "not provided with secure grabirons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars." Comp. St. § 8608. It was there said:

"While there is no previous decision of this court relating to this aspect of section 4, a controlling analogy is to be found in its decisions as to the application of section 2 of the act, which, as amended, makes it unlawful to use on a railroad engaged in interstate commerce any car not equipped with automatic couplers capable of being coupled and uncoupled 'without the necessity of men going between the ends of the cars,' * * * if the failure to comply with the requirements of the act is a proximate cause of the accident, resulting in injury to him while in the discharge of his duty, although not engaged in an operation in which the safety appliances are specifically designed to furnish him protection. * * * It results that in the present case, as there was substantial evidence tending to show that the defective condition of the grabiron required by section 4 of the Safety Appliance Act was a proximate cause of the accident resulting in injury to Wolfe while in the discharge of his duty as a conductor, the case was properly submitted to the jury under the act; and, the issues having been determined by the jury in his favor, the judgment of the trial court was in that behalf properly affirmed."

This court held in Director General of Railroads v. Ronald, 265 F. 138, where the plaintiff was injured by a defective coupling, that it was not necessary that the employee should be injured while coupling or uncoupling. If the brake was incidentally used in going to the point where the brake was to be released by turning the hand wheel, it was within the section. We think the defendant in error was entitled to invoke the Safety Appliance Act in imposing liability for the injury which he sustained under the circumstances here disclosed. We find no error requiring a reversal, in the other errors assigned, and the judgment below is affirmed.

Judgment affirmed.