## ALTMAN v. ATLANTIC COAST LINE R. CO.*

(Circuit Court of Appeals, Fifth Circuit. April 4, 1927.)

No. 4959.

1. **Master and servant** ⬅⟹265(6)—**Injuries to brakeman on failure of brake to work held to warrant inference of employer's negligence.**

Leaving railroad freight car with defective brake at place where brakeman might be expected to have occasion to use brake warrants inference that injury to brakeman in collision resulting from failure of brake to work arose from negligence chargeable to employer.

2. **Master and servant** ⬅⟹265(4)—**Under Florida law, railroad has burden of proving ordinary care, where plaintiff furnishes prima facie evidence of negligence as to employee.**

Under Florida law, where plaintiff in action for death of railroad brakeman furnishes prima facie evidence in support of allegations of negligence and injury therefrom, burden is cast on defendant to prove exercise of ordinary and reasonable care and diligence.

3. **Master and servant** ⬅⟹286(13)—**Evidence held for jury, where brakeman was thrown from car by impact following failure of brake to work.**

Evidence *held* for jury in action for damages for death of railroad freight brakeman, thrown from car and killed, due to impact of cars after failure of hand brake to properly function.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Action by Mabel Altman against the Atlantic Coast Line Railroad Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with direction.

Doyle E. Carlton and O. K. Reaves, both of Tampa, Fla. (G. E. Mabry, O. K. Reaves, and D. E. Carlton, all of Tampa, Fla., on the brief), for plaintiff in error.

T. Paine Kelly and J. W. B. Shaw, both of Tampa, Fla., for defendant in error.

*Rehearing denied May 23, 1927.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error to recover damages for the death of L. E. Altman, which occurred while he was an employee of the defendant in error and acting as a brakeman on a freight train. The death of the deceased was attributed to negligence of his employer in permitting the brakes on a freight car from which deceased was thrown and killed to be in a defective and dangerous condition. Evidence adduced was to the following effect:

When an attempt was made at night to couple the end car on the train on which the deceased was a brakeman to a car on a side track—called the L. & N. car, which was loaded with lumber—the coupling was missed, with the result that the L. & N. car and an unloaded car a few feet beyond it on the side track were caused to run down the side track towards a tank car, which was standing on that side track, and which was to be taken therefrom. Thereupon it was the duty of the deceased to get on the L. & N. car to set the hand brake thereon, for the purpose of stopping it. When the deceased got to the brake wheel, he was 150 or 200 feet from the tank car. If the brake was in good condition the car should have been stopped within the distance of two or three car lengths; the average length of a freight car being about 36 feet. The L. & N. car and the car beyond it continued to move until the latter collided with the tank car. When the impact occurred, deceased fell on the track between the two cars and was killed. After the collision the brake was found fully set up and locked. Immediately before he fell the deceased was seen standing on top of the car, with both hands on the brake wheel. The next day, after the L. & N. car had been unloaded and had been placed in the same place it was when the coupling was attempted to be made, after it was struck by a train in another unsuccessful attempt to make a coupling and started down the side track, another brakeman set the brake on it and failed to stop the car, and the car rolled down the grade on the side track, as it did the night before when the deceased was killed. At the conclusion of the evidence introduced by the plaintiff the court granted a motion of the defendant (defendant in error here) that the jury be instructed to render a verdict in its favor.

[1, 2] The evidence adduced was such as to support findings that the brake was not in good condition when the deceased set and locked it; that the setting of the brake by the deceased was completed before the collision with the tank car occurred, and far enough from the place of the collision for the car to be stopped in time to avoid the collision, but for the failure of the brake, because of its bad condition, to work. Spokane & Inland Empire R. Co. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125. The evidence warranted an inference that the bad condition of the brake would have been disclosed by an inspection or test of it. The car with the defective brake on it being under the exclusive control of the employer, and having been left at a place where a brakeman might be expected to have occasion to use the brake on it, and the cause of the injury, the defective brake, being such as in the ordinary course of things does not exist if the employer uses proper care to keep in good and safe condition appliances furnished for the use of employees, the fact that the brake was in bad condition is evidence, in the absence of an explanation, that the injury arose from negligence chargeable against the employer. Minneapolis & St. Louis R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995; San Juan Light & Transit Co. v. Requena, 224 U. S. 89, 32 S. Ct. 399, 56 L. Ed. 680; 20 R. C. L. 187. Under the Florida law applicable to such a case as the instant one, upon the plaintiff furnishing prima facie evidence in support of his allegations of negligence and injury therefrom, the burden is cast on the defendant to prove the exercise of all ordinary and reasonable care and diligence. Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90; Atlantic Coast Line R. Co. v. Gardner, 77 Fla. 305, 81 So. 473; Geneva Mill Co. v. Andrews (C. C. A.) 11 F.(2d) 924.

[3] We conclude that the evidence adduced tended to prove the material allegations of the declaration, and that the above-mentioned ruling was erroneous. Because of that error, the judgment is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.