## BURNETT v. PENNSYLVANIA R. CO.

Circuit Court of Appeals, Sixth Circuit. July 9, 1929.

No. 5226.

Edwin Drake, of Cleveland, Ohio. (John Ruffalo, of Youngstown, Ohio, on the brief), for appellant.

A. E. Powell, of Cleveland, Ohio (Squire, Sanders & Dempsey, of Cleveland, Ohio, on the brief), for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. This action is based upon the claim that a defective hand brake caused injury to Burnett and created liability under the Safety Appliance Act, U. S. C., Title 45, Sec. 11 (45 USCA § 11). The court directed a verdict for defendant.

█ It became Burnett's duty as a brakeman to release a hand brake upon the top of a box car. He came to it, put his club into engagement with the spokes of the hand wheel, pushed on the club with his left hand, thereby increasing the tension of the brake chain and relieving the dog and ratchet lock, held the rim of the wheel with his right hand, and kicked out the dog with his left foot. The wheel reversed violently, throwing him to the ground; and he was hurt.

The identity of this car and of this brake was lost; Burnett did not know what, if anything, was wrong with it; he therefore alleged in his petition that it was defective in numerous particulars—all his counsel could think of. It is plain enough that this reverse spinning, thus happening, if in any way abnormal, must have been the direct result of an overtight setting by the employee who had previously set this brake. Certain possible defects in a brake assembly might or might not contribute to an overtight setting; whether there was such a defect here is a mere matter of surmise. In any event, according to plaintiff's testimony, and if there was an extreme and dangerous tension on the brake chain, he increased that tension by the exertion of the necessary physical strength, and then released the dog. It is impossible to see how there was any direct causal relation between the brake defect, if there was one, and the supposedly dangerous tension which caused the injury to Burnett. His own voluntary act increased that tension before it took effect. If having thus increased the stress and increased the danger, his hand slipped and the reversing force caught him unready, that was not the result of defective apparatus. The more probable way in which a defect can lead to such a result as this is that it causes, when set, an imperfect holding by dog and ratchet or otherwise, so that there is a "trigger catch," or some such condition, and the brake releases without the brakeman's intention and before he is ready for it; but here his testimony excludes any such theory.

█ Even if it might be thought that plaintiff's proofs were consistent with the existence of a brake defect as the cause of this accident, they were at least equally consistent with the existence of some other effective cause. In such a case, there is no question for the jury. Patton v. Texas, etc., Ry., 179 U. S. 658, 663, 21 S. Ct. 275, 45 L. Ed. 361; Gulf, etc., R. R. v. Wells, 275 U. S. 455, 459, 48 S. Ct. 151, 72 L. Ed. 370; Hardy-Burlingham Mining Co. v. Baker (C. C. A. 6) 10 F.(2d) 277, 278, 281.

The judgment is affirmed.