## DIDINGER v. PENNSYLVANIA R. CO.
### No. 5351.

Circuit Court of Appeals, Sixth Circuit. April 7, 1930.

J. E. Mathews, of Cleveland, Ohio (Bernsteen & Bernsteen and Paul R. Brown, all of Cleveland, Ohio, on the brief), for appellant.

T. M. Kirby, of Cleveland, Ohio (Squire, Sanders & Dempsey and G. H. P. Lacey, all of Cleveland, Ohio, on the brief), for appellee.

Before DENISON and HICKENLOOPER, Circuit Judges, and TUTTLE, District Judge.

HICKENLOOPER, Circuit Judge.

This is an action brought under section 2 of the Safety Appliance Act (45 U. S. C. § 11 [45 USCA § 11]), wherein plaintiff seeks to predicate liability upon the use of a freight car equipped with an inefficient hand brake. A verdict for the defendant was directed at the close of the opening statement by plaintiff's counsel to the jury.

■ This section imposes an absolute and unqualified duty upon interstate railroads to equip and maintain hand brakes in an efficient condition. Baltimore & O. R. Co. v. Hooven, 297 F. 919 (C. C. A. 6); Lehigh Valley R. Co. v. Howell, 6 F.(2d) 784 (C. C. A. 2). Negligence is immaterial (Texas & Pac. Ry. Co. v. Rigsby, 241 U. S. 33, 43, 36 S. Ct. 482, 60 L. Ed. 874; Spokane & Inland R. R. v. Campbell, 241 U. S. 497, 505, 36 S. Ct. 683, 60 L. Ed. 1125), and it is unnecessary to show that the car was, at the time, being used in, or the employee engaged in, interstate commerce (Southern Ry. Co. v.

U. S., 222 U. S. 20, 27, 32 S. Ct. 2, 56 L. Ed. 72).

■ There are two recognized methods of showing the inefficiency of hand brake equipment. Evidence may be adduced to establish some particular defect, or the same inefficiency may be established by showing a failure to function, when operated with due care, in the normal, natural, and usual manner. Altman v. Atlantic Coast L. R. Co., 18 F.(2d) 405 (C. C. A. 5). The plaintiff adopted the latter method of proof. By the opening statement he offered to show by evidence that, in a switching operation, he was required to firmly set the brake upon a freight car; that in doing so he placed his foot against the dog, and it "went in" (the ratchet), and he heard it click; seeing that the brake held after it was set, and preparatory to leaving the car, that he placed his hand lightly upon the top wheel, when the brake suddenly "gave away," "swung around the other way," and, as he tried to hold it, threw him from the car; and that the brake was set "in accordance with the proper and usual manner of setting the brake, and it gave way and did not hold." In view of the frequently repeated assertion that the brake had been properly set and that the dog or pawl had firmly engaged one of the teeth of the ratchet, it cannot be assumed that this was a case of so-called "hair-trigger" setting, where the dog lodges insecurely upon the outer extremity of a ratchet tooth.

■ Assuming the proper setting of the brake, the fact that it did not hold demonstrates its inefficiency. As said in Philadelphia & R. Ry. Co. v. Auchenbach, 16 F.(2d) 550, 552 (C. C. A. 3): "The test of the observance of this duty [under the Safety Appliance Act] is the performance of the appliances," and it was not necessary for the plaintiff to show whether this failure to function was due to the fact that the ratchet broke loose from the brake staff, that the ratchet teeth were worn, that the dog or its rocker pivot broke, that there was too much vertical play between dog and ratchet (as in Lehigh Valley R. Co. v. Howell, supra), or any other precise defect (Minneapolis & St. L. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995). If the brake was properly set, as asserted, some defect must have been latent in it. Otherwise it would have held. Although the existence of negligence, in the sense of a failure to use care, is immaterial, the principle of res ipsa loquitur applies. The failure to hold under normal operation speaks for itself. In this the pres-

ent case is distinguishable from Burnett v. Pennsylvania R. Co., 33 F.(2d) 579 (C. C. A. 6), for there the happening of the accident was not, as here, consistent only with the hypothesis of the existence of some defect. There the proofs were "at least equally consistent with the existence of some other effective cause" than defect or inefficiency.

It is possible that, upon hearing, the defendant might have met the showing of inefficiency by evidence that the brake equipment was in good order, or by other evidence tending to show that the accident happened through the manner of handling. This, however, does not appear from the opening statement, upon which we are of the opinion the court should not have directed a verdict.

The judgment of the District Court is reversed, and the cause is remanded for trial.