CHESAPEAKE & O. RY. CO. v. SMITH.

No. 5432.

Circuit Court of Appeals, Sixth Circuit.
June 12, 1930.

112

MOORMAN, Circuit Judge, dissenting.

Fred C. Rector, of Columbus, Ohio (Wilson & Rector, of Columbus, Ohio, on the brief), for appellant.

R. B. Newcomb, of Cleveland, Ohio (Newcomb, Newcomb & Nord, of Cleveland, Ohio, and Pugh & Pugh, of Columbus, Ohio, on the brief), for appellee.

Before MOORMAN, MACK, and HICKENLOOPER, Circuit Judges.

MACK, Circuit Judge.

Smith was the rear brakeman on a long train of ninety-eight empty coal cars which was proceeding east on defendant's lines between Russell, Ky., and Danville, W. Va. He was riding in the caboose with the conductor. The train crew had orders to reduce the train to twenty-five cars at Sproul Yards, at which place there were two switches, known as No. 3 and No. 4 switches. The train was to enter No. 3 switch. The head brakeman by error threw No. 4 switch, and the train, travelling about seven or eight miles an hour, proceeded on No. 4 switch eight or ten car lengths before coming to a sudden and violent stop as the result of the application of the air brakes from some unknown cause. The head brakeman, Ruggles, called by plaintiff, testified that, when he was standing at the main line switch about ten cars back of the engine, the air suddenly "went on," the cars stopped, and the force of the stopping was so great that it broke a cross-over pipe on the train air line on the twentieth car from the caboose. He found a car off center three cars from the caboose, and the front panel of the caboose door broken out. The furniture in the interior of the caboose, as well as the stove, had been torn loose, and the door panel splintered. Ruggles did not know where the air that he "heard go on came from," that is, whether the brakes had been applied by the engineer or as a result of the break in the air line. The crash of the cars was so violent that it threw both Smith and the conductor through the panel of the front door of the caboose so that their heads were hanging out on the front platform. Smith sustained severe injuries which left him permanently crippled and unable to continue working as a railroad brakeman.

He brought suit under the Federal Employers' Liability Act (45 USCA §§ 51–59) and the Safety Appliance Act (45 USCA § 1 et seq.). No witnesses were called by defendant, and no evidence was offered by it as to what caused the brakes to go on. At the close of plaintiff's case, defendant's motion for a directed verdict was denied; the jury returned a verdict for plaintiff in the sum of $10,000; and, after a denial of defendant's motion for a new trial, judgment was entered thereon. A number of errors have been assigned on this appeal, but, with

two exceptions, hereinafter considered, they all concern the question whether or not there was sufficient evidence of negligence to permit the submission of the case to the jury.

1. It is clear from the evidence of plaintiff's two witnesses that the sudden application of the air brakes was caused either by their being set by the engineer or by the breaking of the train line at the twentieth car from the caboose. If either or both of these applications might as reasonably and probably have resulted from any one of several causes, for some of which the company would be liable and for some of which it would not, then it was error to leave the case to the jury. Patton v. Texas & Pacific R. R. Co., 179 U. S. 658, 663, 21 S. Ct. 275, 45 L. Ed. 361; New York Central R. R. v. Ambrose, 280 U. S. 486, 490, 50 S. Ct. 198, 74 L. Ed. 562; Burnett v. Penn. R. R. Co., 33 F.(2d) 579 (C. C. A. 6th). The jury cannot be permitted to speculate, and on speculation alone to find that the negligence of the company was the actual cause. Atchison, Topeka & S. F. R. R. v. Toops, 50 S. Ct. 281, 74 L. Ed. 896, decided April 14, 1930. Defendant contends that on the record before us it is impossible to discover whether or not the engineer applied the air and brought the train to its sudden stop; that, if it be assumed that he did, then it must also be presumed that he acted with due care; and that if, on the other hand, the break in the train line caused the brakes to be applied, there is no showing that the company failed to inspect the train line or that it was in any way defective; and that such brakes might have been set by the freezing, clogging, or leaking of the air line en route. We cannot accept this contention.

2. If the breaking of the air line preceded the sudden setting of the brakes and caused it, then it was clearly proper for the jury, in the absence of other evidence, to infer from this alone that the injury resulted from the company's failure to comply with the absolute duty imposed upon it by the Safety Appliance Acts. Spokane & Inland Empire R. R. Co. v. Campbell, 241 U. S. 497, 36 S. Ct. 683, 60 L. Ed. 1125; Minneapolis & St. Louis R. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995; Didinger v. Pennsylvania R. R. Co. (C. C. A. 6th) 39 F.(2d) 798, decided April 7, 1930; Altman v. Atlantic Coast Line R. R. Co., 18 F.(2d) 405 (C. C. A. 5th). And, even though plaintiff, at the time of the accident, was not engaged in an operation in which the safety appliances are specially designed to

furnish protection, the failure to comply with the acts may nevertheless be the proximate cause of the injury. Louisville & Nashville R. R. v. Layton, 243 U. S. 617, 37 S. Ct. 456, 61 L. Ed. 931; Davis v. Wolfe, 263 U. S. 239, 44 S. Ct. 64, 68 L. Ed. 284. This issue was submitted to the jury under a proper charge.

3. If, on the other hand, the brakes were set by the engineer, or some other member of the train crew, the court, on the evidence adduced, rightly submitted to the jury the question whether or not defendant's servants were negligent. We are satisfied that, on the showing made, the doctrine of res ipsa loquitur was applicable. The general principles underlying that doctrine have previously been analyzed and developed by this court in Cincinnati, N. O. & T. P. Ry. v. South Fork Coal Co., 139 F. 528, 1 L. R. A. (N. S.) 533; Lee Line Steamers v. Robinson, 218 F. 559, L. R. A. 1916C, 358; Pennsylvania Co. v. Clark, 266 F. 182, 184. Its application to master and servant cases was discussed in the South Fork Coal Co. Case, supra, at page 536, and has recently been treated in an exhaustive opinion by Judge Westenhaver in Cochran v. Pittsburgh & L. E. R. R. Co. (D. C.) 31 F.(2d) 769, in which he considered the effect of the Federal Employers' Liability Act and the Safety Appliance Act. The conclusion reached by Judge Westenhaver, with which we are in full accord, is that in cases governed by these acts the doctrine of res ipsa loquitur is applicable; that is, "an inference of negligence will arise from the accident whenever it is alleged or proved that the employee was injured in the course of his employment; that the nature of the accident is such as to make it probable that it was the result of negligence, rather than a pure accident or the act of God; that the agency causing the accident was not under the control of the injured employee, but of the master or other employee, for whose negligence the master is now responsible; that the circumstances render it improbable that there was any other cause than negligence in some form for which the master would be liable; and that it was the kind of accident such as does not ordinarily happen if due care is exercised." 31 F.(2d) 773.

The effect of the doctrine is merely to shift the burden of going forward with the evidence; the ultimate burden of proof remains on plaintiff. Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905; see 5 Wigmore, Evidence, §§ 2483–2498, 2509. If the defendant choos-

es not to go forward, the evidential inference or presumption of negligence suffices to require the submission of the case to the jury. Cf. Southern Ry. v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860; Minneapolis & St. Louis R. R. v. Gotschall, supra.

■■ 4. In the case at bar, plaintiff's uncontradicted evidence showed that the train was sent down the wrong track through Ruggles' negligence; that, after it had proceeded but eight car lengths, the brakes went on suddenly enough to cause the damages to the train and the injuries to the conductor and plaintiff. Smith, himself a brakeman of ten years' experience, testified that a break in the train line only twenty cars from the caboose would make a "reasonable stop on the rear end," and that "an emergency application" of the brakes by the engineer was the only thing that could have caused the severe jolt. Assuming that the train line was broken after and not before the setting of the brakes, it may well be that some sudden emergency confronted the engineer and justified his applying them as fully and as suddenly as he did. But, in view of the brakeman's initial mistake, the violence of the stopping, the fact that the accident occurred in broad daylight, and the complete absence of any evidence of such a sudden emergency, there seems to be no outstanding probable cause of the accident other than defendant's negligence. On this assumption that the break was caused by the sudden application of the brakes by the engineer, plaintiff's evidence, in our judgment, sufficed to make applicable the rule of res ipsa loquitur as developed in the cited cases. Thereafter it was incumbent upon the defendant to go forward with evidence tending to show a justification for the suddenness of his brake application. On its failure to do so, the issue was properly submitted to the jury.

■■ 5. The remaining assignments of error may be disposed of briefly. Defendant objected to plaintiff's asking one of his doctors whether it was possible to have any impairment of hearing as a result of injury to the nervous system; the objection was overruled, and the witness was permitted to answer. Even though the objection stated no reason, and might therefore have been disregarded, we fail to see any prejudicial error, since there was no proof offered as to plaintiff's hearing, and the court carefully reviewed the proofs of injury, and charged that the jury should base any verdict solely on such proof. The second objection was to a question concerning the injuries sustained by the conductor. Since the court admitted the evidence solely for the purpose of showing the degree of violence of the impact on the caboose, its admission was proper.

Judgment affirmed.

MOORMAN, Circuit Judge (dissenting).

I cannot concur. The plaintiff's evidence in my opinion shows that the sudden stopping of the train was caused by an application of the brakes by the engineer or fireman. Only two witnesses testified to the cause of its stopping: Ruggles, the head brakeman, said, as stated in the majority opinion, that the air went on suddenly, and that it "broke the train line," that is, a "cross-over pipe" on the twentieth car from the caboose; and Smith, the plaintiff, said that a break in the train line twenty cars from the caboose would cause a reasonable stop on the rear end, and that the only thing that could have caused the sudden stop on this occasion was an "emergency application" of the brakes by the engineer. So, while I recognize the full force and effect of Minneapolis & St. Louis R. R. Co. v. Gotschall, 244 U. S. 66, 37 S. Ct. 598, 61 L. Ed. 995, it is my opinion that plaintiff's evidence negatived the theory that there was any causal connection between the broken train line and the injury, and hence I think it was error to submit that question to the jury.

Nor can I agree to the opinion's application of res ipsa loquitur. The petition alleged that the injury resulted from the sudden and violent stopping of the train, and it set forth three specific grounds of causal negligence: (1) The application of the brakes by those in charge of the engine; (2) a defective air line that had not sufficient strength to retain the pressure of the air; and (3) failure properly to inspect, test, and repair the air line. The third ground was not submitted to the jury, and it is not suggested that it should have been. The second, the defective air line, was submitted—as stated, I think improperly. Thus the evidence, in my opinion, excluded every cause save that of the application of the brakes by those in charge of the engine. The jar of the train was of course but an incident of this causative act—not the cause itself. The case, therefore, is one, it seems to me, in which a brakeman of ten years' experience received an injury from the sudden stopping of his train, sued his employer, alleging among other things that the stopping was caused by the engineer's negligent applica-

tion of the brakes, proved that it was caused by his application of the brakes in emergency, but offered no proof as to his reason or lack of reason for applying them. I do not think res ipsa loquitur can be relied upon to take such a case to the jury.

The rule of the res is one of necessity, and arises where the thing complained of does not ordinarily happen in the absence of breach of duty, and where the cause of its happening, whether culpable or innocent, is practically accessible to the defendant, but is inaccessible to the injured person. Ross v. Cotton Mills, 140 N. C. 115, 52 S. E. 121, 1 L. R. A. (N. S.) 298; annotations to Gray v. B. & O. R. R. Co., 59 A. L. R. 461, also reported in (C. C. A.) 24 F.(2d) 671. Where reason and necessity for the rule are lacking, it manifestly cannot be resorted to to piece out a case. Some of the authorities hold that it has no application as between master and servant, or, at least, that it is so limited in its application that it may be invoked only where the cause of the injury is not susceptible of direct and positive proof. Klebe v. Parker Distilling Co., 207 Mo. 480, 105 S. W. 1057, 13 L. R. A. (N. S.) 140. That it has frequently been applied in actions by passengers against carriers, and quite properly so, cannot be questioned. Paducah Traction Co. v. Baker, 130 Ky. 360, 113 S. W. 449, 18 L. R. A. (N. S.) 1185; Walters v. Seattle R. Co., 48 Wash. 233, 93 P. 419, 24 L. R. A. (N. S.) 788; Lee Line Steamers v. Robinson, 218 F. 559, L. R. A. 1916C, 358 (6 C. C. A.); Penn Co. v. Clark, 266 F. 182 (6 C. C. A.). It has also been applied in many cases where the injured person was neither an employee nor a passenger. San Juan Light Co. v. Requena, 224 U. S. 89, 32 S. Ct. 399, 56 L. Ed. 680; Inland & Sea Board Coasting Co. v. Tolson, 139 U. S. 551, 11 S. Ct. 653, 35 L. Ed. 270; Sweeney v. Erving, 228 U. S. 233, 33 S. Ct. 416, 418, 57 L. Ed. 815, Ann. Cas. 1914D, 905; Jacob Doll & Sons v. Ribetti (C. C. A.) 203 F. 593; Howser v. Cumberland & P. R. Co., 80 Md. 146, 30 A. 906, 27 L. R. A. 154, 45 Am. St. Rep. 332.

In Cincinnati Ry. Co. v. South Fork Coal Company, 139 F. 528, 1 L. R. A. (N. S.) 533 (6 C. C. A.)—a nonemployee case—Judge Lurton pointed out that it had been held that there was no presumption of negligence in favor of the employee in an action against an employer, citing, among other cases, T. & P. R. Co. v. Barrett, 166 U. S. 617, 17 S. Ct. 707, 41 L. Ed. 1136, and Patton v. T. & P. R. Co., 179 U. S. 658, 21 S. Ct. 275, 277, 45

L. Ed. 361. In the Patton Case Mr. Justice Brewer said: "While, in the case of a passenger the fact of an accident carries with it a presumption of negligence on the part of the carrier, a presumption which, in the absence of some explanation or proof to the contrary, is sufficient to sustain a verdict against him, * * * a different rule obtains as to an employee"—as to whom the fact of accident carries no such presumption. Cf. Southern Ry. Co. v. Bennett, 233 U. S. 80, 34 S. Ct. 566, 58 L. Ed. 860, and Yazoo & M. V. R. Co. v. Mullins, 249 U. S. 531, 39 S. Ct. 368, 63 L. Ed. 754. If it is true, and I do not say it is not, that the doctrine may be invoked in a proper case by an employee, there is nevertheless much authority and sound reason for the view that it is not so readily available to an employee as to those to whom there is owing a higher degree of care and who are more restricted in their means for ascertaining the cause. See Loudoun v. Eighth Avenue R. Co., 162 N. Y. 380, 56 N. E. 988, and Plumb v. Richmond Light & R. Co., 233 N. Y. 285, 135 N. E. 504, 25 A. L. R. 685. Facts more favorable to the suing employee than those in the present case have been held in many cases not to fall within the doctrine—among them Henson v. Lehigh Valley R. Co., 194 N. Y. 205, 87 N. E. 85, 19 L. R. A. (N. S.) 790, Klebe v. Parker Distilling Co., and Gray v. B. & O. R. R. Co., supra. In the Gray Case it was said that the doctrine was inapplicable because the cause of the accident, the running of the train into an open switch, was known to the plaintiff, and whether the engineer who ran it into the switch was negligent was in no way to be presumed from the fact that the accident happened. In the case at bar the plaintiff likewise knew the cause, alleged and proved it— the emergency application of the brakes by the engineer; and certainly it ought not to be presumed, it seems to me, from that fact, something that a brakeman may encounter at any time in the course of his work, that the engineer was negligent. In Sweeney v. Erving, supra, Mr. Justice Pitney, in approving Kay v. Metropolitan Street Railway Co., 163 N. Y. 447, 57 N. E. 751, quoted from the opinion to the effect that, where the legal presumption arises (referring to res ipsa loquitur), if the defendant's proof operates to rebut it or leaves "the essential fact of negligence in doubt and uncertainty, the party who made the allegation should suffer, and not her adversary." It would seem unnecessary to say that, where it is the plaintiff's proofs that leave the question in doubt, he must also fail.

There is nothing, in my opinion, in Cochran v. Pittsburg, etc., Co. (D. C.) 31 F.(2d) 769, 772, to justify the view that the legislation enacted for the benefit of employees of interstate carriers has materially changed the applicability of the doctrine to the cases of such employees. There is still left to the carrier under those acts the defense of assumed risk of injury not resulting from certain defective appliances, and there is also left the defense of contributory negligence in mitigation of damages. Judge Westenhaver stated in the Cochran Case that, in order to bring the doctrine into effect, it was necessary, among other things, that the circumstances as proved "did not leave outstanding another existing and equally probable cause of the accident, not depending on the master's negligence, and for which he would not be liable." Accepting that statement as in harmony with what was said in the Sweeney Case, and looking to the reason and necessity for the rule, I cannot agree to its application in this case. The cause of the injury, the sudden application of the brakes in emergency by the engineer, was known to the plaintiff. It was alleged in his petition. It is common knowledge among trainmen, and also among all travelers on railroad trains, that air brakes are applied in emergency, not frequently, but yet commonly enough to be an incident of freight train operation. Trainmen must expect the occasional necessity for such applications. When they are made in order to protect the train or to protect life, it is a performance of duty. Groves v. L. & N. R. R. Co., 96 S. W. 439, 29 Ky. Law Rep. 725. No proof was introduced by the plaintiff tending to show why the brakes were applied by the engineer or fireman on this occasion. It is quite as probable that it was done in the exercise of commendable care for life or property as that it was negligently done. The plaintiff called one of his crew as a witness, the head brakeman. No reason is given by him for not calling the other members. The case therefore is not one in which the means for discovering negligence, if there was negligence, were not open to the injured party. The plaintiff knew the cause, and, if the engineer was negligent, as alleged in the petition, it was just as susceptible of proof by plaintiff as was nonnegligence by defendant. There being a probable nonnegligent cause, the case is controlled, in my opinion, by the concession made in the majority opinion that, if it is as probable that the injury resulted from nonnegligence as negligence, it is error to submit the case to the jury.