**KLEYSTEUBER**

v.

**PITTSBURGH, CHARTIERS & YOUGHIOGHENY RY. CO.**

Civ. A. No. 9748.

United States District Court
W. D. Pennsylvania.

Feb. 12, 1954.

Thomas P. Shearer, Oliver, Brandon & Shearer, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

Plaintiff, a brakeman of defendant on its railroad, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., and the Safety Appliance Acts, 45 U.S.C.A. §§ 8–16, to recover from defendant damages for personal injuries sustained by reason of an inefficient brake. There was a trial by jury and a verdict rendered for the plaintiff in the amount of $4,500. The case is now before the Court on defendant's motion for judgment in accordance with its motion for a directed verdict, and also on plaintiff's motion for a new trial. Both motions must be denied.

Section 11 of the Safety Appliance Acts requires a common carrier to equip all cars hauled or used on its lines with efficient handbrakes. Plaintiff averred in his complaint that when he attempted to release a particular brake it "failed to function properly, kicked back, and knocked the plaintiff from the car." Defendant claims in its motion for judgment that there was not sufficient evidence of an inefficient brake on which the verdict could properly be based. Since, however, there was competent evidence adduced at the trial that the brake failed to release when plaintiff applied the brake's release lever in the usual and proper manner, I am of the opinion that this case is governed by the principle laid down in Myers v. Reading Company, 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615, where the United States Supreme Court said, 331 U.S. at page 483, 67 S.Ct. at page 1338, 91 L.Ed. 1615:

" 'There are two recognized methods of showing the inefficiency of hand brake equipment. Evidence may be adduced to establish some particular defect, or the same inefficiency may be established by showing a failure to function, when op-

erated with due care, in the normal, natural, and usual manner.' Didinger v. Pennsylvania R. Co. [6 Cir.], 39 F.2d 798, 799.

" 'Proof of an actual break or visible defect in a coupling appliance is not a prerequisite to a finding that the statute has been violated. Where a jury finds that there is a violation, it will be sustained, if there is proof that the mechanism failed to work efficiently and properly even though it worked efficiently both before and after the occasion in question. The test in fact is the performance of the appliance. Philadelphia & R. R. Co. v. Auchenbach, 3 Cir., 16 F.2d 550. Efficient means adequate in performance; producing properly a desired effect. Inefficient means not producing or not capable of producing the desired effect; incapable; incompetent; inadequate. * *' "

I see nothing in the facts of this case which removes it from the reasoning in the Myers case.

Plaintiff assigns as a basis for moving for a new trial these five reasons:

1. The verdict is inadequate.

2. The learned trial judge erred in his charge to the jury as to the proper measure of damages relative to the plaintiff's alleged loss of future earnings and loss of wages.

3. The learned trial judge erred in the admission of evidence and refusal to admit evidence.

4. The defendant fraudulently represented to the Court and to the jury that it was and has been since February 5, 1952 willing to re-employ the plaintiff and fraudulently represented that he was physically able to return to work on that date and that its doctors were willing to so certify.

5. Your plaintiff has, since the trial of this cause, discovered new evidence, the nature of which is set forth in the attached affidavit, which is made a part hereof. It is evidence of such a nature as could not have been obtained at the former trial; and, going to the merits of the case, is such as will probably produce a different verdict if a new trial should be awarded.

 As to the first assigned reason, that the verdict is inadequate, I do not agree. The jury had a right to believe the testimony of defendant's doctors to the effect that plaintiff could resume his duties as brakeman. The trial of the case occurred about ten months after the accident. It cannot be said that the amount of $4,500 was inadequate.

There is no merit to the other four reasons assigned, and plaintiff is, therefore, not entitled to a new trial.