## DETROIT, T. & I. R. CO. v. HAHN.*

### No. 5643.

Circuit Court of Appeals, Sixth Circuit.

Feb. 13, 1931.

Wallace R. Middleton, of Detroit, Mich. (Longley & Middleton and Wallace Visscher, all of Detroit, Mich., Schaefer & Lawrence, of Cleveland, Ohio, and George S. May, of Napoleon, Ohio, on the brief), for appellant.

R. B. Newcomb, of Cleveland, Ohio (Newcomb, Newcomb & Nord, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

MOORMAN, Circuit Judge.

Appellee was employed as a brakeman on a freight train of appellant. On August 15, 1927, he was a member of a crew engaged in running a train from Detroit, Mich., to Napoleon, Ohio. In the course of the trip, at Wauseon, Ohio, it became the duty of the crew to move two cars from a side track to the main track. It was found convenient to effect this movement by making a drop switch, and appellee was placed on the cars to stop them by the use of a hand brake before they reached other cars standing on the main track. He failed to stop them in time to avoid a collision and was thrown from the top of the car on which he was riding and sustained injuries necessitating the amputation of his leg. This is an appeal from a judgment of damages which he recovered therefor in the District Court.

It is admitted that by the use of an efficient hand brake the cars could have been stopped in two or three car lengths after they were uncoupled from the engine. Ap-

*Certiorari denied 51 S. Ct. 489, 75 L. Ed. ——.

pellee testified that he set the brake on the leading car as tightly as it could be set some 200 feet or more from the point of collision, that the cars continued to move with increasing speed, and that upon discovering that the brake would not stop them he hurried to the brake on the other car, but before he could apply it the collision occurred. He contends that this testimony with other testimony of like effect is substantial evidence of an inefficient brake. On the other hand appellant introduced witnesses who testified that they examined and tested the brake immediately before and after the accident and found it to be in good working order on both occasions. Its contention is that the collision was due, not to any inefficiency in the brake, but to appellee's failure to apply it in due time. Upon this latter theory it contends that it was appellee's negligence which caused the injury.

█ The claim of appellee that there was negligence in the speed of the cars is not only not supported by substantial evidence, but is contradicted by his primary insistence that there was a defective brake. This first insistence is based upon the undisputed evidence that an application of an efficient brake would have stopped the cars in two or three car lengths, with the further evidence of appellee that he applied the brake 200 feet or more from the point of collision. His evidence thus tended to show that the cars would have been stopped had the brake been efficient, while appellant's proof was directed to showing that the brake was efficient but appellee failed to use it at the proper time. It accordingly appears, that the injury resulted either from an inefficient brake or the failure to apply an efficient one, and obviously there was no causal connection between the speed of the cars and the collision. Appellant is not, however, in position to complain of the submission of that question to the jury, for it not only failed to except to the charge on that point, but offered an instruction which assumed that some such issue was made in the evidence.

██ It is insisted for appellant that the case is governed by C., M. & St. P. Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041, since all the inferences which the jury might reasonably draw from the evidence would not be sufficient to support a finding of a cause of injury other than the negligence of the appellee in failing to apply the brake. We do not think the evidence falls within this rule, nor do we think it leaves the cause of injury in the realm of conjecture,

as was the case in Northern Ry. Co. v. Page, 274 U. S. 65, 47 S. Ct. 491, 71 L. Ed. 929, and Burnett v. Pennsylvania R. Co., 33 F. (2d) 579 (6 C. C. A.). If there was an inefficient brake which caused the injury, there is inescapable liability under the Safety Appliance Act (45 USCA § 1 et seq). The appellant introduced evidence which would have supported a finding for it on that issue, that is, evidence that the brake was examined before and immediately after the accident and found to be in good working order. We are asked to accept that evidence as conclusive. This we cannot do, for the evidence of appellee that the brake was used in the normal and usual manner and failed to work was such evidence of inefficiency as to make an issue for the jury. Didinger v. Pennsylvania R. Co. (C. C. A.) 39 F.(2d) 798.

█ It follows from what has been said above that the trial court was right in refusing to instruct the jury that the collision was caused by appellee's negligence in failing to apply the brake. The evidence upon which appellant relied as showing that the injury was not caused by an inefficient brake is in the main the same as that upon which it based its plea of appellee's failure to apply it. That evidence presented appellant's theory of the cause as opposed to the theory adduced in the proofs of appellee, namely, an inefficient brake. The same reasons that required the submission of these questions to the jury required the submission also of the question of appellee's negligence.

█ Nor do the other errors assigned by appellant require a reversal. The question of jurisdiction has been determined by this court in Wabash Railway Co. v. Beez, 36 F.(2d) 480. The motion for a new trial was addressed to the sound discretion of the trial court, and it was also a matter within the discretion of that court as to whether it would require a remission of a part of the award as a condition of the denial of a new trial. The verdict, it is true, is large, but the plaintiff was a young man only 36 years of age and was earning approximately $3,000 a year. It was for the jury to fix the amount of damages in the event that it found liability, and we cannot say that the verdict is so large as to strike us as manifestly unjust. Hines v. Smith, 270 F. 132 (6 C. C. A.); Hettrick Mfg. Co. v. Shepherd & Co., 295 F. 10 (6 C. C. A.).

The judgment is affirmed.