### GRAND TRUNK WESTERN R. CO. v. HOLSTEIN.

### No. 6429.

Circuit Court of Appeals, Sixth Circuit.
Dec. 11, 1933.

William W. Macpherson, of Detroit, Mich. (H. V. Spike, of Detroit, Mich., on the brief), for appellant.

Elmer H. Groefsema, of Detroit, Mich. (Leo J. Carrigan and Thos. J. Bresnahan, both of Detroit, Mich., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

This is an action based upon alleged breach of the Federal Safety Appliance Act. 45 USCA § 11. Plaintiff testified that in the line of his duty he had brought a loaded hopper car to a stop by use of the hand brake, after a "drop" or "flying switch," experienc-

ing no difficulty in doing so; that while the brake was still set the engine had again coupled to the car; and that he was standing upon the brake platform, "hanging on to the brake wheel," when suddenly it "spun" around, throwing him to the ground. He had not, he said upon the stand, attempted to release the brake, and the dog was firmly seated in the teeth of the ratchet wheel. Shortly after the accident, however, when asked by his fellow employees how his injury had occurred, he stated that he had set the brake so tightly that, when released by him, it had spun around, causing him to fall. He had also made this statement to the defendant's claim agent ten days after the accident. His only answer to this evidence was that he "did not remember" making such statements and that, if he had made them, they were untrue. Immediately following the accident, also, the brake was inspected and found in good condition. It was plaintiff's duty to release the brake as soon as the engine had recoupled to the car, and the testimony of the engineer supports defendant's contention that an attempt to do so was made. The plaintiff offered no evidence which is at all persuasive of the existence, or the nature, of any specific defect in the brake equipment.

Under these circumstances we are of the opinion that the court below should have directed a verdict for the defendant. The case of Didinger v. Pennsylvania R. Co., 39 F. (2d) 798 (C. C. A. 6), is cited as controlling authority to the contrary. In that case we held that inefficiency of hand brake equipment might be established by showing a failure to function, when operated with due care, in the normal, natural, and usual manner; and that evidence that, after the brake had been properly set, it had suddenly released and "spun around the other way," unexplained, would establish such failure to function. We also applied the principle that failure to function is evidence of inefficiency of brake equipment, in Detroit, T. & I. R. Co. v. Hahn, 47 F.(2d) 59, where the use of the brake failed to check the speed of a car, and in Chesapeake & Ohio R. Co. v. Gowen, 65 F.(2d) 260, where the brake chain overlapped upon the staff, and, when further pressure was applied, slipped and permitted the brake wheel to jerk to the right—in the direction in which it was being turned—causing the brakeman to fall. But we have refused to apply such principle where the cause of the sudden spinning of the brake was left wholly to conjecture, and where the proofs of injury, though consistent with

the existence of some defect, were at least equally consistent with some other theory of causation. Burnett v. Pennsylvania R. Co. (C. C. A.) 33 F.(2d) 579. The present case, we think, is to be aligned with Burnett v. Pennsylvania R. Co., rather than with the others.

██ It is to be noted that in Didinger v. Pennsylvania R. Co., supra, the appeal was taken from a verdict directed upon the opening statement of counsel. Consequently, there was in that case no countervailing evidence with which the claim of plaintiff might be inconsistent; and we there likened the situation to one calling for an application of the doctrine of res ipsa loquitur, where proof of the occurrence requires the defendant to go forward with explanatory evidence, at the risk of suffering an adverse verdict based upon an evidential inference or procedural presumption. Compare, Lowery v. Hocking Valley R. Co. (C. C. A.) 60 F.(2d) 78; and upon the effect of a procedural presumption, Equitable Life Assurance Society v. Sieg, 53 F.(2d) 318 (C. C. A. 6). From this it would seem that the finding of inefficiency was even there founded upon an inference of physical defect to be drawn from the abnormal action of the brake under normal operating conditions. But if the plaintiff in this case must rely upon an inference of physical defect, he cannot recover. It is a familiar principle that if several inferences are deducible from the facts shown, and such inferences are equally consistent with all those facts, "a verdict in favor of the party bound to maintain one of those propositions against the other is necessarily wrong." See Pennsylvania R. Co. v. Chamberlain, 288 U. S. 333, 339, 53 S. Ct. 391, 77 L. Ed. 819, and cases there cited. No jury should be permitted to draw a conclusion from the evidence when the proper conclusion to be drawn lies wholly within the realm of speculation and conjecture.

██ The principle above referred to is ordinarily applied where either one of two conclusions may just as logically be drawn from the *same set of circumstances*. In such case there is no conflict of evidence. The facts are not disputed, but only the inference to be drawn from them. This is somewhat different from the situation here, where two different sets of circumstances are in evidence, each supporting only one logical inference, and where the resulting inferences, or conclusions, are wholly inconsistent with each other, yet we think that the same underlying principles should be applied in both cases. If

the plaintiff presents evidence of and relies upon one set of circumstances, and the defendant presents evidence of and relies upon another, there is clearly a conflict of evidence to be submitted to the jury. But if the evidence of both sets of circumstances is offered by the plaintiff, then we have in substance a situation identical with the one where several inferences may logically be drawn from the same set of circumstances. Under these conditions the jury should not be permitted to guess or speculate which set of circumstances it will accept. This principle has been well expressed by Mr. Chief Justice Taft, when Circuit Judge, in the following sentence: "When a party with the burden on him introduces evidence consistent with two different states of fact, he proves neither." Louisville & Nashville R. Co. v. East Tennessee, V. & G. R. Co., 60 F. 993, 999 (C. C. A. 6). Compare, also, Ewing v. Goode, 78 F. 442, 444 (C. C.); New York C. R. Co. v. Ambrose, 280 U. S. 486, 490, 50 S. Ct. 198, 74 L. Ed. 562; Stevens v. The White City, 285 U. S. 195, 203, 204, 52 S. Ct. 347, 76 L. Ed. 699.

██ Applying the principles just discussed to the instant case, we are unable to reconcile plaintiff's testimony that he brought the car to a stop without difficulty, that the dog was firmly seated in the teeth of the ratchet, and that the brake was otherwise apparently in good condition, with his testimony that the brake suddenly and unaccountably released itself. The first set of circumstances negatives an inference of physical defect; the second can be accounted for upon no other ground. We cannot draw both inferences, but are simply left to speculate as to which should be adopted. Compare Patton v. Texas & Pacific Ry. Co., 179 U. S. 658, 663, 21 S. Ct. 275, 45 L. Ed. 361.

In opposition to this it is urged that no such limitation upon the doctrine that failure to function establishes inefficiency was applied in the case of Detroit, T. & I. R. Co. v. Hahn, supra. There the plaintiff's evidence did not present the necessity of choice between two totally inconsistent hypotheses. The case was of that class in which the plaintiff was contending for one set of circumstances, and the defendant for another. Ordinarily, therefore, the question would be for the jury, and we so held. This is not the equivalent, however, of saying that the case must be left to the jury where the plaintiff himself introduces evidence supporting two inconsistent states of fact, under one of which he may recover, and under the other of which he may not.

Secondly, we are of the opinion that the plaintiff's claim that the brake suddenly, and without the intervention of human agency, released itself is not supported by any substantial, credible evidence. The statements of the plaintiff at the time, and on the scene, of his injury practically destroy the credibility of his later story upon the witness stand. This is especially true where the earlier story is consistent, and the later one wholly inconsistent, with the physical facts so far as proved. No suggestion is made that the pin locking the ratchet wheel to the brake staff came out or was sheared off, or that the pin holding the dog broke, and either happening is almost inconceivable if the brake be at rest, and yet, if the plaintiff's testimony that the dog was firmly seated in the teeth of the ratchet is to be believed, the happening of one of these things is the only possible way in which the accident could have occurred. Then, too, the plaintiff's failure to tell his present strange story at the time of, or immediately following, his accident is quite as eloquent as the statements actually made. Finally, on this phase of the case, the testimony of the engineer and the results of the inspection immediately following the accident are consistent only with the story as first told by plaintiff. All things considered, we regard his story upon the witness stand as simply incredible. Cf. Pennsylvania R. Co. v. Chamberlain, 288 U. S. 333, 342, 53 S. Ct. 391, 77 L. Ed. 819; Ristucci v. Norfolk & W. R. Co. (C. C. A.) 60 F.(2d) 28. As in American Oil Co. v. Frederick (C. C. A.) 47 F.(2d) 54, and Strider v. Pennsylvania R. Co. (C. C. A.) 60 F.(2d) 237, we do not consider the present case as within the doctrine of Begert v. Payne (C. C. A.) 274 F. 784, but rather as one in which the plaintiff's testimony of the sudden and unexpected spinning of the brake lost whatever of substantial nature it might otherwise have had, when it was considered with the rest of plaintiff's testimony and the other evidence in the case.

■ Lastly, we think that this was a proper case for application of the doctrine that a verdict should be directed for defendant whenever the evidence is such that if a verdict were returned for the plaintiff the court should, in the exercise of a sound discretion, set it aside. See Strider v. Pennsylvania R. Co., supra, and cases there cited, and Pennsylvania R. Co. v. Chamberlain, supra, 288 U. S. at page 343, 53 S. Ct. 391, 77 L. Ed. 819.

Being of the opinion above expressed, it becomes unnecessary to pass upon the other assignments of error, except to say that the motion to strike the bill of exceptions from the files, which was filed both here and in the court below, in which latter court it was denied, is without merit.

The judgment of the District Court is reversed, and the cause is remanded for a new trial.